### McLEAN v. STATE et al.

### No. 11628.

Court of Civil Appeals of Texas. Galveston.

June 1, 1944.

Rehearing Denied July 6, 1944.

Terry, Cavin & Mills and Levy & Levy, all of Galveston, for appellant.

E. G. Aycock, of Fort Worth, for appellees.

CODY, Justice.

Only one question is presented on this appeal, and that is: Is the oil-payment or its money equivalent, which is required to be made to appellant as a part of the consideration for the transfer of certain mineral leases, an interest in land for purposes of taxation?

This is an action to recover delinquent ad valorem taxes for the years 1939–1942, inclusive, together with interest and penalties. It was brought by the State for itself and the County of Galveston, and for the benefit of Galveston County Common School District No. 11, against appellant and against the Stanolind Oil & Gas Company, hereafter called the Stanolind. The property involved is the unpaid balance of an oil-payment owing by the Stanolind to appellant. The case was tried without a jury, and judgment was rendered that appellee take nothing against the Stanolind, but was rendered in favor of the State against appellant. In response to appellant's request therefor, the court filed conclusions of fact and law. After appellant had filed the transcript in this court, appellee moved to dismiss this appeal on the ground that the Stanolind was an indispensably necessary party to this appeal. This motion was refused.

As stated, the court filed conclusions of fact and law. The facts, however, were not in dispute, and are these: On March 18, 1931, appellant, who then owned certain oil, gas and mineral leases which cover certain lands lying in Galveston County, and within the confines of the aforesaid Common School District, assigned and transferred same to the Yount-Lee Oil Company. A copy of said transfer, so far as is here material, is appended to this opinion. It will be noted therefrom that

it is provided that 25% of the oil produced and saved is reserved and excepted from the transfer as royalties, and that all the remaining 75% passed by said transfer. The 25% royalty (which included the original landowner's royalty, plus the overriding royalty reserved by appellant) is in no way here involved. The oil-payment of $2,000,000 was, of course, to be made out of the 75% of the mineral estate which was transferred to the Yount-Lee. The contention of appellant is that all of said 75% passed to the Yount-Lee by the express terms of the transfer, and that no part thereof was retained by him: that consequently the oil-payment requirement of the transfer is a personal obligation, and has the status of personal property, and cannot be taxed as an interest in land.

The court expressly found that the appellant and the attorney for the transferee carefully worded the transfer with the intention of making the oil-payment personal property so as to place the burden on the transferee of liability for ad valorem taxes on the full 75%, to the end that appellant should not have to pay any part of the ad valorem taxes thereon. Also, it was undisputed that the Yount-Lee paid all ad valorem taxes on the 75% so long as it continued to own same, as well as paid 75% of the production tax. Thereafter, on July 31, 1935, the Yount-Lee disposed of the working interest in said leases, and on the same day the Stanolind acquired it. And the Stanolind continued to pay taxes in the same way as the Yount-Lee had done, until the year 1939. The Stanolind then, for the first time, contended that the unpaid portion of the oil-payment obligation was, for taxation purposes, an interest in land, and declined to pay ad valorem taxes on so much of the 75% as represented the oil-payment. The record seems to indicate that the amount out of the 75% upon which the Stanolind declined to pay ad valorem taxes was 12½%; that is, that the Stanolind only paid 62½% of the ad valorem taxes, and declined to pay any more. Since there is no contention that appellant will own any interest in the working-interest after the oil-payment is discharged, we assume that the record is so treated merely for convenience.

The court concluded, as a matter of law, based largely upon the holding of the Supreme Court in Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, that the oil-payment was taxable as an interest in land.

## Opinion.

This is not an action to reform the transfer of March 18, 1931. And appellant does not undertake to urge that the law as it existed at the time the transfer was drawn up has been changed by the holding in Sheffield v. Hogg, supra, and to assert any rights to a corresponding change in construing said instrument by reason of such change. It is therefore immaterial what the purpose and intention of the parties to the transfer were at the time they drafted said transfer, except as the same is expressed by the terms of said transfer.

If in fact the entire working-interest, to the extent of 75% of the mineral estate, passed by the transfer to the Yount-Lee, as the parties intended and supposed, then, necessarily, the oil-payment obligation would be personal property. But the intentions of parties cannot change the character of an estate which is fixed by law, and which they by their acts create. When the appellant retained the right to share in the oil production to the extent of 12½% thereof, or its money equivalent, he retained the right to share in the profits—in the profits à prendre out of the 75% working-interest. Such right is an interest in land. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021.

The oil-payment is, for purposes of taxation, land. Sheffield v. Hogg, supra; State v. Quintana Pet. Co., 134 Tex. 179, 133 S. W.2d 112, 128 A.L.R. 843; O'Connor v. Petroleum Co., 134 Tex. 179, 133 S.W.2d 112, 134 S.W.2d 1016. See, also, Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53.

The judgment of the trial court is affirmed, and it is so ordered.

Affirmed.

## Appendix.

Now, therefore, know all men by these presents: That I, the said Marrs McLean, of Jefferson County, Texas, hereinafter called "Grantor", for the consideration hereinafter set forth (and subject to the royalty reservation hereinafter contained), have granted, sold, conveyed, transferred and assigned and do by these presents grant, sell, convey, transfer and assign unto the Yount-Lee Oil Company, a corporation duly incorporated under the laws of the State of Texas, with its principal office at Beaumont, Jefferson County, Texas, the following described oil, gas and mineral

leases and the oil, gas and mineral leasehold estates created thereby (together with the hereinafter described physical properties and equipment) covering the following described lands in Galveston County, Texas, to-wit:

\* \* \* \* \* \* \*

The consideration for this transfer and assignment of said above-described oil, gas and mineral leases and physical properties and equipment, is as follows:

(a) The sum of One Hundred Thousand ($100,000.00) Dollars cash, receipt of which is hereby acknowledged by Grantor;

(b) Two Hundred Thousand ($200,000.-00) Dollars due and payable six (6) months after the date hereof, and Two Hundred Thousand ($200,000.00) Dollars due and payable twelve (12) months after the date hereof; said deferred payments to bear no interest;

(c) Two Million ($2,000,000.00) Dollars to be paid out of one-eighth (1/8) of the (gross) oil produced and saved from the lands covered by this assignment, if, as and when produced and saved, and only in such event; it being expressly understood in this connection that said Yount-Lee Oil Company shall be under no obligation whatever to Grantor herein to drill upon or develop said land, or any part thereof, for oil.

There is reserved and excepted from this assignment a royalty of twenty-five (25%) percent of the oil produced and saved from the lands covered by this assignment, out of which twenty-five (25%) percent royalty all outstanding royalties (including royalties due lessor under the terms of said lease) and all overriding royalties are to be paid, and Grantor is to receive the balance of said twenty-five (25%) percent royalty; it being understood in this connection that said Yount-Lee Oil Company shall in any event be entitled to receive seventy-five (75%) percent of the oil produced and saved from said land, and that all outstanding royalties, overriding royalties and/or interest of any character in the oil in, under or produced from said land shall be charged against the twenty-five (25%) percent royalty herein received. Said Yount-Lee Oil Company shall be entitled to free fuel oil for all operations on said land and the royalty shall be computed after deducting oil used for fuel. Grantor also reserved a royalty of twenty-five cents (25¢) per long ton on sulphur but Grantor shall be under no obligations to develop said land for sulphur.

\* \* \* \* \* \* \*

Executed this the 18th day of March, A. D. 1931.

(Signed) Marrs McLean
Yount-Lee Oil Company
By (Signed) M. F. Yount
President.

Attest:
(Signed) F. E. Thomas
Asst. Secretary.
(Seal)

(Acknowledgments)