**STANOLIND OIL & GAS CO. et al. v. STATE et al.**

No. 11820.

Court of Civil Appeals of Texas. Galveston.
Oct. 31, 1946.

Rehearing Denied Nov. 21, 1946.

Fountain, Cox & Gaines and Joyce Cox, all of Houston, and L. A. Thompson, Jr., and Donald M. Campbell, both of Tulsa, Okl., for Stanolind Oil & Gas Co.

Williams & Thornton and Bryan F. Williams, all of Galveston, and E. E. Easterling and W. D. Gordon, both of Beaumont, for Marrs McLean.

E. G. Aycock, of Fort Worth, for the State.

CODY, Justice.

This case represents a recrudescence of the litigation involved in McLean v. State, Tex.Civ.App., 181 S.W.2d 725, writ refused. In the former case the State brought action to recover ad valorem taxes for the years 1939 to 1942, inclusive, on an oil-payment right belonging to the said McLean. The former action was brought against the said McLean and the Stanolind Oil and Gas Company, and judgment was recovered against McLean alone. In the present action the State brought suit against McLean alone to recover ad valorem taxes for the years 1943 to 1945, inclusive, on said oil-payment right, and the said McLean, in addition to resisting liability upon the same ground as urged in the former case by him (namely, upon the ground that the oil-payment was not an interest in land), impleaded the Stanolind, and sought recovery over against the Stanolind for the judgment, if any, by the State against him. The judgment in the former case was pled in bar, and as an estoppel.

The court, trying the case without a jury, rendered judgment for the State against McLean, and for McLean against the Stanolind. Pursuant to the request of the Stanolind the court filed conclusions of fact and law. Said conclusions of fact are in all material respects the same as they were in the former case, and are shown in the opinion in that case. The Stanolind has appealed as against McLean, and McLean has appealed as against the State and Stanolind.

█ The court's judgment, in so far as it awarded the State recovery against the said McLean for the ad valorem taxes on his oil-payment right for the years in question, is correct. We need not be meticulous to decide whether the judgment in the former case was res judicata, or operated as a judgment by estoppel. In any case, the judgment in the former case is stare decisis that the said McLean's oil-payment right is, for purposes of taxation, an interest in land. And even if it were proper for us to reconsider the decision on its merits, which is at least doubtful in view of the fact that the Supreme Court approved it by refusing an application for a writ of error, we would decline to do so as we deem the decision correct.

█ The court's judgment, in so far as it is for McLean against the Stanolind for the full amount of the judgment recovered against him by the State, we deem erroneous. The basis of the judgment for McLean against the Stanolind was the court's conclusion that the Stanolind is under a contractual obligation to McLean to pay the taxes on his oil-payment right. However, the only privity existing between McLean and Stanolind is that established by the transfer contract executed March 18, 1931, between the said McLean and Yount-Lee, which transfer contract is appended to the opinion in the former case. Stanolind is the assignee of the transferee's rights and obligations. The transfer contains no provision making it the obligation of the transferee or the transferee's assigns to pay the taxes levied on McLean's oil-payment right. The failure of the parties to effect a purpose and intention that the oil-payment so provided for should be personal property can in no sense constitute an agreement by the transferee and its assigns to pay the taxes lawfully levied on such oil-payment. McLean is liable for taxes on the oil-payment because he owns it. He is liable for ad valorem taxes thereon because it is classified by the law as real estate for purposes of taxation. But had the oil-payment been classified by the law as personal property for purposes of taxation, he would still be liable for taxes lawfully levied thereon. As was stated in the opinion in the former case 181 S.W.2d at page 726, "It is therefore immaterial what the purpose and intention of the parties to the transfer were at the time they drafted said transfer, except as the same is expressed by the terms of said transfer."

The judgment for the State against Mr. McLean is affirmed, but the judgment in his favor over against the Stanolind is reversed, and here rendered that he take nothing.

Judgment affirmed in part, and in part reversed and rendered.