## FERGUSON et al. v. GLEASON et ux.

### No. 5727.

Court of Civil Appeals of Texas. Amarillo.

Nov. 4, 1946.

G. E. Sears, of Dallas, for appellants.

Earl R. Parker, of Dallas, for appellees.

PITTS, Chief Justice.

This is an appeal from a judgment of the trial court sustaining a plea of res adjudicata.

Annie Marie Ferguson, joined by her husband, Chester X. Ferguson, and Jake Campbell filed an application on January 31, 1946, for a writ of habeas corpus and for custody of a minor child, Ray Douglas Campbell, alleging that the custody of the said child was being unlawfully held by L. E. Gleason and wife, Wanda Jean Gleason, and that its custody should be awarded to Annie Marie Ferguson, one of the petitioners. L. E. Gleason and his said wife, appellees, filed a plea of res adjudicata upon which plea petitioners joined issues with them and that said issue alone was heard by the trial court which sustained the plea and directed that petitioners take nothing by their suit. From this order, petitioners, Annie Marie Ferguson and husband Chester X. Ferguson (hereafter referred to as appellants), perfected an appeal to the Court of Civil Appeals of the Fifth Supreme Judicial District at Dallas and the same was transferred to this Court by the Supreme Court of Texas. Petitioner, Jake Campbell, did not perfect an appeal and the judgment of the trial court is therefore final as to any interest he may have in the matter.

The record reveals that Ray Douglas Campbell was born May 16, 1939, and was one of four children born to the marriage of Jake Campbell and Annie Marie Campbell, who was later divorced from Jake Campbell and was subsequently married to Chester X. Ferguson; that by agreement between appellees and appellant, Annie Marie Ferguson, on or about February 1, 1942, Ray Douglas Campbell went to live in the home of appellees and continued to live there undisturbed until April 9, 1945; that appellees filed a petition on December 1, 1944, for the adoption of Ray Douglas Campbell, alleging in part that he had been abandoned by his parents since February 1, 1942; that on December 12, 1944, at a hearing had the trial court gave appellees temporary custody of the said child; that Annie Marie Ferguson intervened in the adoption proceedings on December 13, 1944, denying appellees' allegations and claiming custody of the said child by reason of her being its natural mother; that the proceedings were pending when Annie Marie Ferguson on April 9, 1945, physically took possession of the said child without the consent of appellees; that on April 10, 1945, appellees filed an application for a writ of habeas corpus for the restoration of the child's custody to them; that on April 16, 1945, Annie Marie Ferguson filed an answer to appellees' application for a writ of habeas corpus and joined issues with them in all matters pleaded and on the same day the custody of the child was temporarily restored to appellees by order of the trial court pending further proceedings and on said date by agreement of all parties the adoption case and appellees' application for a writ of habeas corpus were consolidated by order of the trial court under the number of 89933D and styled "Gleason et ux. v. Ferguson" and by further agreement of the parties the consolidated case was set by the trial court for a hearing on April 23, 1945; that on April 23, 1945, all parties appeared, announced ready for trial, and the case was heard before the trial court with the intervention of a jury, which jury found and so reported to the trial court that Annie Marie Ferguson voluntarily abandoned and deserted the said child on February 1, 1942, and left it in the care, custody, control, and management of appellees, whom the jury found to be suitable persons to have such

care, custody, control, and management of the said child and it further found that the said child should be awarded to appellees; that upon the findings of the jury and the usual additional routine findings in such cases by the trial court, judgment was rendered for appellees granting them leave to adopt the said child, terminating the rights of the natural parents to its care, custody, control, and management, and changing the child's name to Ray Douglas Gleason; that Annie Marie Ferguson filed a motion for a new trial which was by the trial court overruled on June 12, 1945; that an attempt to appeal was made when appellees filed a motion with the Dallas Court of Civil Appeals asking that the case be affirmed on certificate because the record in the case had not been filed with said court as provided for by the Rules of Civil Procedure; that Annie Marie Ferguson and husband, Chester X. Ferguson, and Jake Campbell filed a lengthy verified plea with the Dallas Court of Civil Appeals, alleging want of jurisdiction of the trial court because of a previous divorce decree of date February 23, 1943, awarding the custody of said child to Annie Marie Ferguson and further alleging fundamental error, fraud, perjury of the adverse parties, a void judgment, and asked the said court not to affirm on certificate but to hold void and set aside the judgment of the trial court and render judgment in lieu thereof awarding the custody of the said child to Annie Marie Ferguson; that on October 5, 1945, the Court of Civil Appeals of Dallas heard oral argument of the case and examined the motions and all pleadings presented to them and then granted the motion to affirm on certificate and overruled all others; that the losing parties filed a lengthy motion with the said Dallas Court of Civil Appeals asking for a rehearing and again attacked the validity of the judgment of the trial court as they had done previously but such motion was by the said court overruled; that the said losing parties then made application to the Supreme Court of Texas for a writ of error and challenged in eleven typewritten pages the judgments of the lower courts for all reasons heretofore mentioned which application was contested by appel-

lees and the same was refused by the Supreme Court on December 5, 1945.

The record further reveals that appellants together with Jake Campbell, who did not perfect an appeal in this case and is not before this Court, on January 31, 1946, pleaded in this case the same issues in their application for a writ of habeas corpus that were adjudicated in the consolidated cases tried and disposed of as hereinabove referred to and finally prayed in the said application that appellees be required to deliver the said child into court there to show cause why his custody should not be given to his mother, Annie Marie Ferguson.

In the case of Stephenson v. Miller-Link Lumber Co., 277 S.W. 1039, 1040, the Commission of Appeals clearly stated the rule that controls this case and others of its kind, which rule is as follows, to wit:

"Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which the final judgment or decree is rendered upon the litigation is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not."

Such is a rule of universal law pervading every well regulated system of jurisprudence in order that the same issues might not be relitigated between the same parties and that there might be an end to litigation. Such rule applies to all judicial determinations whether made in actions, legal or equitable, or in summary or special proceedings.

It appears to us that a final valid adjudication had already been had by a court of competent jurisdiction between the same parties covering the same subject matter and the final judgment therein is conclusive.

It likewise appears, however, that in this case appellants directed all of their points of error at the judgment rendered by the trial court in the consolidated cases bearing the number 89933D and styled

866

Gleason et ux. v. Ferguson, but do not attack by any assignments of error the judgment from which they appeal and do not attempt to brief any alleged errors they may claim were committed by the trial court in rendering the judgment in this case as is required by Rules 418 and 421, Texas Rules of Civil Procedure. It is the duty of appellant on appeal to state clearly any points of error challenging the judgment from which an appeal has been announced and then brief them concisely as required by the said Rules. If such is not done any errors claimed to have been committed by the trial court are waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ. App., 164 S.W.2d 197, and Piedmont Fire Ins. Co. v. Ladin, Tex.Civ.App., 174 S.W.2d 991.

Certainly do we believe that for all of the reasons stated above taken together the judgment of the trial court should be affirmed and it is so ordered.