**CHARLES et ux. v. COLE et ux.**

No. 4835.

Court of Civil Appeals of Texas. Beaumont.

April 9, 1953.

David E. O'Fiel, Beaumont, for appellants.

W. G. Walley and J. R. McDougald, Beaumont, for appellees.

PER CURIAM.

This is an appeal from a judgment in a trespass to try title case in the district court of Jefferson County.

The appellants, Gussley Charles and his wife brought suit against appellees, Charles Cole and his wife, for title and possession to a tract of land sixty by one hundred feet out of the Northwest corner of the Mary Anderson 1½ acre homestead tract in the D. Brown League Survey in Jefferson County. Appellees filed pleas of not guilty and 10 years limitation, and a cross-action. After the verdict was returned, the appellees disclaimed as to all of the tract of land sued for except a strip of land 4 feet wide and approximately 80 feet long, which lies between and contiguous to the tract of

land owned and occupied by appellees. As to this strip, appellees claimed title by limitation, alleging that they had had peaceable and adverse possession thereof, cultivating, using or enjoying the same for more than ten years prior to the institution of the suit on July 12, 1946. The case went to trial on November 7, 1951, before a jury.

The trial court submitted the case on one special issue, and the jury found in answer thereto that appellees "had held exclusive, peaceable, and adverse possession of the land in controversy, cultivating, using or enjoying the same for any period of ten years or longer, prior to July 12, 1946."

On the verdict and the disclaimer and stipulations, the court entered judgment for appellees for the 4 by 80 foot strip of land in controversy. Appellants have duly perfected their appeal.

■ By their first point appellants contend that the trial court erred in overruling their motion for instructed verdict. Under this point the appellants in their brief copy 10 pages of testimony. They then state that at the close of the evidence and before argument the appellants filed and presented their motion for instructed verdict. Thereafter are listed under the heading "Authorities" four cases by style and citation. That is all that is presented under appellants' first point. We have examined the evidence in the statement of facts and the authorities submitted and have concluded that the point presents no error. The appellees claim title by limitation to the narrow strip of land between the property covered by their deed and the property owned by the appellants. There was ample evidence in the record to support the jury's finding of adverse possession on the part of the appellees for a period of 10 years or longer prior to the institution of this suit in 1946. The court in its charge defined "peaceable possession" and "adverse possession" in the approved statutory language. The appellants made no objection to the one Special Issue submitted and the definitions thereunder as to the form and wording of such Issue and definitions. It is noted in the evidence that there is testimony by the witness David O'Fiel that he and his wife had formerly owned the property now owned by the appellants; that he had talked to R. S. Cole, one of the appellees, in 1930 while he and his wife still owned such land, and that R. S. Cole had told him that if his (Cole's) garage was over on the witness' land he would either move it then or would move it at any time the witness got ready for him to do it; that he did not make any claim to the land. The witness R. S. Cole denied this and testified that "the only land that I wanted is what my deed calls for, from yonder to yonder, if it was across the street." This testimony did not, as is apparently contended by the appellants, entitle them to an instructed verdict in their favor as showing the Coles did not claim adversely against the true owner but merely raised a fact issue on a question of adverse claim and possession. Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453 and cases cited; Pasha v. Schell, Tex.Civ.App., 229 S.W.2d 818; Catching v. Bogart, Tex. Civ.App., 138 S.W.2d 245.

■ Under their points 4 and 7 the appellants contend that the trial court erred in refusing to submit to the jury their special requested charge as follows: "From a preponderance of the evidence, do you find that the use, if any, by the said R. S. Cole and wife of the tract of land in controversy covered by the Cole garage was permissive as that term has been defined to you herein?" By their point No. 7 appellants complain of the trial court's failure to submit to the jury their special charge as follows: "By 'permissive use' as the same is used in this charge is meant a license or right to exercise a use in subordination of another's claim of ownership." No authorities are cited under these two points. We believe that if the appellants had presented in proper form issues suggested by testimony of the witness O'Fiel as to statements made to him by appellee R. S. Cole, they should have been submitted by the trial court. The requested issue as submitted by the appellants was not confined to requiring of the jury whether appellee Cole made certain statements, as testified to, but went further and inquired whether the use by Cole and his wife of the land in controversy was permissive. This would have submitted a mixed

462

question of law and fact, and was concerned only with the square tract of land 4 by 8 feet covered by the garage. If issues had been requested in proper form as was submitted by the trial court in the case of Cuniff v. Bernard Corporation, Tex.Civ. App., 94 S.W.2d 577, inquiring whether a limitation claimant had done certain specific things and if the trial court had refused such requests, under Cuniff v. Bernard Corporation, supra, and Cook v. Hutto, Tex.Civ.App., 151 S.W.2d 642, they should have been submitted, but the refusal of the issue requested here, because of its wording, presents no error.

All of the other points of the appellants are related to the two questions determined above. They are not briefed by the appellants but were simply stated and restated, with no argument and authorities given in support thereof. Under Rule 418 of Texas Rules of Civil Procedure and Eaton v. Eaton, Tex.Civ.App., 226 S.W.2d 644 they will be considered as waived.

We have read the entire statement of facts, the charge of the court and the briefs of both parties and find no error requiring a reversal of the judgment of the trial court, and it is affirmed.