The judgment is reversed and the cause remanded.

W. W. JETT et al., Appellants,

v.

Sylvan S. KAHN et al., Appellees.

No. 4962.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 14, 1954.

Rehearing Denied Dec. 1, 1954.

F. K. Dougharty, T. J. Hightower, Liberty, for appellants.

Ansel M. Kahn, Houston, for appellees.

WALKER, Justice.

On January 18, 1946 Sylvan S. Kahn and Ansel M. Kahn made a lease to the Gulf Oil Corporation covering the oil, gas and other minerals in the North 160 acres of the East 320 acres of Section 21, H. & T. C. Railway Company Survey, in Liberty County, Texas. Mrs. Pearl Kahn Levy owned an undivided part of this land and by an instrument dated April 7, 1951, Mrs. Levy and her husband ratified this lease, and Mrs. Levy's rights on this appeal depend on the provisions of this lease. Gulf Oil Corporation continues to be the owner of the lease and the lease is in force by virtue of production of oil by said lessee.

The land leased is in Liberty County and in Devers Independent School District, and for 1952 the county and the school district assessed one-eighth of the minerals in the land to lessors and Mrs. Levy as their royalty and for that year levied taxes against those persons on that assessment. Lessors, Mrs. Levy and her husband then brought this suit against the county and the school district and against various officers

of these defendants to prevent the collection of these taxes. Lessors reside in Harris County and Mrs. Levy and her husband reside in Galveston County, and they say that all of the minerals in the land are owned by the lessee and that their royalty is personal property, assessable to them only in their counties of domicile under Articles 7147 and 7149, V.A.T.S. The county and the school district say that this royalty is real property within the meaning of Article 7146, V.A.T.S., and is therefore assessable for taxation by said county and school district.

The relevant parts of the lease are the granting clause and the royalty clauses. The granting clause reads: "Lessors for and in consideration of the sum of Ten Dollars ($10.00) and other valuable considerations paid by Lessee, the receipt of which is hereby acknowledged and confessed, and of the royalties herein provided and the agreements, stipulations and covenants of Lessee herein contained, have Granted, Demised, Leased and Let, and by these presents do Grant, Demise, Lease and Let, exclusively, unto the Lessee for the sole and only purpose of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, laying pipe lines, building tanks, power stations, telephone lines and other structures thereon, to produce, save, take care of, treat, transport and own such products, and the housing of its employees engaged in operations on the leased premises, the following described property and real estate situated in Liberty County, Texas, to-wit:" The royalty clauses read: "Lessee obligates itself to pay to Lessors at Houston, Texas, the following royalties on production from said tract of land under this lease, to-wit:

"On petroleum oil a royalty of one-eighth (1/8th) of the market value thereof at the well on all produced and saved.

"On gas, wet or dry, one-eighth (1/8th) of the market value thereof at the well on all produced and marketed.

"On sulphur, One ($1.00) Dollar per ton of two thousand two hundred and forty (2,240) pounds on all produced and saved.

"On any other mineral, one-tenth (⅒oth) of the market value thereof at the well or mine on all produced and marketed."

The lessee has sold the oil produced from the land and has paid the lessors and Mrs. Levy one-eighth of the cash proceeds of this oil as their royalty.

The trial court affirmed the position of the plaintiffs, that is, the lessors and Mrs. Levy and her husband, and rendered judgment setting aside the assessment and permanently enjoining the defendants from assessing the royalty or any part of the minerals against the plaintiffs for taxation. From this judgment the defendants have appealed.

### Opinion.

█ The royalties payable under the lease are payable only in money; none is payable in kind. However, this conclusion does not make these royalties assessable as personal property under Articles 7147 and 7149. We hold, instead, that these royalties are "rights and privileges belonging or * * * appertaining" to the land leased, within the meaning of those terms as used in Article 7146 and are therefore assessable as real property by the defendant county and school district under and by virtue of that statute. This conclusion is based upon the opinion in Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, and upon the other authorities cited below. One of the royalties held in Sheffield v. Hogg to be taxable as real property, namely, that on sulphur at $1 per ton, was payable only in money. See Mr. Summers' comments in Sec. 583 of his work on Oil & Gas, Permanent Edition. The Supreme Court has interpreted Sheffield v. Hogg as holding that royalty payable only in money is taxable as an interest in land. Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53. In Victory v. Hinson, Tex.Civ.App., 71 S.W. 2d 365, one of the royalties held taxable as

real property under Article 7146 was one on gas, payable in money; and the holding of the Court of Civil Appeals was affirmed by the Commission of Appeals at 129 Tex. 301, 102 S.W.2d 194, on the authority of Sheffield v. Hogg. In Canadian River Gas Co. v. Bivins, 137 Tex. 347, at page 352, 153 S.W.2d 432, at page 434, the gas royalty was one cent per one thousand cubic feet of gas produced and sold and the court said: "It is settled that a gas royalty reserved in a lease contract is an interest in the land." In Veal v. Thomason, 138 Tex. 341, 350, 159 S.W.2d 472, 476, the court said: "It is also settled by our decisions that mineral royalty affecting land in this State, granted or reserved, 'and however payable—whether in the specific product * * * or in money measured by the value of the product,' is an interest in the land covered by the contract." In Thompson v. Thompson, 149 Tex. 632, 236 S.W. 2d 779, at page 783, the court said that in Sheffield v. Hogg "the authorities are exhaustively reviewed and it is held that the royalty interest under a lease similar to the one involved herein, (as well as under a lease purporting to be an absolute sale of all minerals to the lessee) is an interest in land, constitutes realty and is taxable to the lessor or other royalty owner." See, also Stanolind Oil & Gas Co. v. State, Tex. Civ.App., 199 S.W.2d 531, reaffirming that court's holding in McLean v. State, Tex. Civ.App., 181 S.W.2d 725; American Liberty Oil Co. v. State, Tex.Civ.App., 197 S.W.2d 381; Sheppard v. Stanolind Oil & Gas Co., Tex.Civ.App., 125 S.W.2d 643; and Mr. A. W. Walker's article on "Oil Payments" in Volume 20 of the Texas Law Review at pp. 262 et seq.

The judgment of the trial court is accordingly reversed. The plaintiffs do not suggest that the cause be remanded if the trial court's judgment is reversed. Accordingly, judgment is here rendered in behalf of the defendants that the plaintiffs take nothing by their suit.

### On Motion for Rehearing.

Our holding that the royalty was payable only in money makes Stephens County

v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290 immaterial. That decision does not carry plaintiffs beyond that holding, if it goes that far. And with that holding as a beginning, the decisions which control our judgment need not be traced back behind Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021; Id., 124 Tex. 290, 80 S.W.2d 741. We remain of the opinion that Sheffield v. Hogg and the later authorities which are cited in our original opinion support our judgment; we simply do not agree with plaintiffs as to the meaning and effect to be given those authorities.

And so firmly are we now of the opinion that our judgment is correct that we have concluded that it would be improper for us to certify any question to the Supreme Court; and for this reason conclusions regarding this matter of certification which we have expressed to counsel for plaintiffs are set aside and the plaintiffs' motion to certify is overruled. This is not a matter which is not subject to review by the Supreme Court under writ of error.

As regards Ground 1 of the motion for rehearing and Counter-Point 4, to which this ground refers, these matters are not ground for *affirmance* of the trial court's judgment; and since the evidence referred to in Counter-Point 4 was excluded and is not in proof we cannot make any use of it on this appeal. But the trial court's exclusion of this evidence was not error for the reasons stated to the trial court and also because the parties' contract is not ambiguous. As regards Ground 2 of the motion for rehearing, I do not see that we have departed from the trial court's findings of fact; so that it is not material whether the defendants excepted to those findings or not. The trial court's conclusions of law are not binding on this court on this appeal. It was enough that the defendants excepted to the trial court's judgment and gave notice of appeal.

The motion for rehearing is overruled.