**R. L. TAYLOR et al., Appellants,**

**v.**

**Agnes TAYLOR et al., Appellees.**

**No. 14851.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 15, 1954.

Rehearing Denied Nov. 12, 1954.

Ross Huffmaster, Kaufman, and Fred V. Meridith, Terrell, for appellants.

A. G. Henry and Monroe Ashworth, Kaufman, for appellees.

DIXON, Chief Justice.

This is a will contest. A previous appeal in the case is reported in 248 S.W.2d 820.

Agnes Taylor, appellee and surviving wife of James Marion Taylor, deceased, filed an application to probate her deceased husband's will in which she is named as executrix and beneficiary. Seven children of deceased by a former marriage filed a contest on the grounds of lack of testamentary capacity, undue influence, and revocation. Based on a jury verdict judgment was entered ordering the will probated. Contestants have appealed.

Appellants' first point on appeal is that "the court erred in refusing to permit Counsel for Contestants to ask Agnes Taylor, Proponent * * * any question in reference to statements by or transactions with James Marion Taylor, the deceased testator." The record before us fails to support appellants' assertion. It shows that appellants were permitted to ask and have answered quite a number of such questions. For example, in response to questions by appellants, proponent appellee testified that she did not call her husband a son-of-a-bitch, never had told him to shut up his damned mouth, never had told him she would kick him, that she did go to the Taylor homeplace when the first Mrs. Taylor died, that she had driven deceased's car hunting his kids for him, that she had driven it once in a while before his first wife's death, that deceased never did bring any groceries to her when she was living on another place, etc. There are other questions and answers, but we need not name them all.

Moreover the bill of exceptions presented by appellants to support their first point is fatally defective. It alleges that appellants desired to question the witness further on various and sundry trans- actions had with the deceased, but nowhere in the bill is it indicated what the testimony of the witness would have been. It has long been the rule that a claim of error in the exclusion of testimony cannot be reviewed when the record does not show what the answer of the witness would have been. J. Weingarten, Inc., v. Brockman, Tex. Com.App., 135 S.W.2d 698 (opinion adopted by S. C.); Cushenberry v. Profit, Tex. Civ.App., 153 S.W.2d 291, writ ref. w. m.; Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937; 3-A Tex.Jur. 534. Appellants' first point is overruled.

Appellants' second point is the same as their first point except that it asserts that for a second time the court refused to permit them to ask any question of appellee with reference to transactions with deceased. As already stated, the record shows that appellants were permitted to ask quite a number of such questions.

A bill of exceptions purporting to support appellants' second point complains that the witness was not permitted to answer a specific question as to whether she had moved the furniture out of his (James Marion Taylor's) home. This bill of exception was approved by the trial judge with the qualification that the question was answered, "No, Sir." Appellants did not except to the qualification so this court is bound to accept it as true. Tucker v. Slovacek, Tex.Civ.App., 234 S.W.2d 254, ref. n. r. e.; 3-A Tex.Jur. 705. The statement of facts also shows that the witness did answer the question. Appellants' second point is overruled.

In their third point appellants contend that the court erred in giving this instruction to the jury: "You are further advised that not every influence exerted by one person over the mind of another, may be classed as undue influence. Persuasion, entreaty, importunity, argument, intercession and solicitation, are permissible and do not constitute undue influence unless they subverted and overthrew the will and caused the doing of something that the person subjected thereto did not desire to

do." The instruction is substantially like the one approved by this Court in Smith v. Smith, Tex.Civ.App., 153 S.W. 918. It also follows the language used in stating what constitutes undue influence in Salinas v. Garcia, Tex.Civ.App., 135 S.W. 588, writ denied. See also Decker v. Koenig, Tex.Civ.App., 37 S.W.2d 378. Our Supreme Court has said, "It is not possible to frame a definition of undue influence which embraces all forms and phases of the term. Every case is different from every other case, and must depend largely on its own facts and circumstances." Long v. Long, 133 Tex. 96, 125 S.W.2d 1034, 1035. We think the facts and circumstances of this case fully justified the court in giving the instruction. Appellants' third point is overruled.

 Appellants' fourth point presents alleged error in the refusal of the court to allow the reproduction of certain testimony given by the witness J. E. Dykes at a former trial of this case. Dykes had died prior to the second trial. At the former trial Dykes was asked to give an opinion as to whether deceased was of sound or unsound mind. His answer was "Being unfit to make out a will." This testimony was not admissible if objected to, for it in effect expresses a conclusion of law on the question of testamentary capacity. Brown v. Mitchell, 88 Tex. 350, 31 S.W. 621, 36 L.R.A. 64; McCormick and Ray, "Texas Law of Evidence," page 806. However appellants contend that the testimony was not objected to on the first trial, so was admissible at the second trial. Appellees insist that it was objected to on the first trial, and that appellees' own bill of exception so shows.

The bill of exception is not without ambiguity. It does show plainly and expressly that objection was made to the answer, that the court sustained the objection and instructed the jury, "I will ask you not to consider that answer for any purpose." But it is not entirely clear whether the events so depicted in the bill occurred at the first trial or at the second trial. Since the burden is on the appellants to support

their claim of error with a bill of exceptions in which the circumstances and rulings complained of are clearly and accurately set forth, they must bear the consequences of their presenting us with an indefinite bill. 3-A Tex.Jur. 691.

Anyway, it is our opinion that appellants were not harmed by the exclusion of the particular answer of the witness. For the statement of facts shows that later in his testimony Dykes was asked almost identically the same question as to whether the testator was of sound or unsound mind. And without objection he was permitted to answer, "Unsound." Having thus obtained the benefit of an admissible answer to their question, appellants will not be heard to claim harm because an objectionable answer to the same question was excluded. Appellants' fourth point is overruled.

The judgment of the trial court is affirmed.