**Willie W. WHITLEY et al., Appellants,**

**v.**

**MAMMOTH LIFE AND ACCIDENT IN-
SURANCE CO. et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1954.

Dodd & Dodd and Hardy & Logan, Louisville, for appellants.

Wallace & Hopson and Woodward, Hobson & Fulton, Louisville, for appellees.

CULLEN, Commissioner.

Willie W. Whitley and W. C. Buford, both of whom are stockholders, and one of whom is a director, of the Mammoth Life and Accident Insurance Company, brought a stockholders' suit against Robert Holloman, seeking to establish the rights of the company with respect to an alleged pension fund trust of which Holloman was alleged to be trustee. The company was named both as a plaintiff and a defendant. Later, by direction of the court, two employees of the company were named as defendants, representing all employees.

The court dismissed the complaint, as several times amended, on the ground that it failed to state a claim upon which relief could be granted. CR 12.02. It was the opinion of the court that the complaint did not show the company to be either the donor or the beneficiary of the alleged trust, and therefore the company, on whose behalf the plaintiffs were suing, had no enforceable rights concerning the trust.

On this appeal by Whitley and Buford, the only question is whether the court erred in determining the complaint to be insufficient.

The complaint, as amended, alleged that in 1945 the directors of the company formulated a plan pursuant to which 5,194 shares of unissued and unpaid-for common stock of the company were to be set aside as a trust fund for the purpose of providing a pension system for the employes of the company; that under the plan the stock was to be issued to and held by John Holloman (father of the defendant Robert Holloman) as trustee, and the stock was to be paid for "through the earnings of a general insurance agency, to be set up by the company, known as Mammoth Insurance Agency;" that the stock was issued to John Holloman, and was paid for "out of the earnings of the Mammoth Insurance Agency;" that John Holloman recognized the trust until his death in 1947; that following John Holloman's death his son, the defendant Robert Holloman, caused the stock certificates to be transferred to his name, voted the same, and collected the dividends, but continued to acknowledge and recognize the trust until some time in 1952, when he repudiated the trust; that the terms and conditions of the proposed pension system were never agreed upon.

The complaint prayed in the alternative, either that the trust be cancelled and the stock returned to the treasury of the company, or that Holloman be removed as trustee, a new trustee be named, the terms of the pension system be determined and fixed, and the trust be enforced.

From a memorandum opinion filed by the chancellor, it appears that he construed the complaint as alleging that the Mammoth Insurance Agency was an entity separate and apart from the insurance company, over the earnings of which the company had no control. We do not so construe the complaint.

We think a fair assumption from the language used in the complaint would be that the insurance agency was merely an adjunct or subordinate unit of the insurance company. There is no allegation that it was a separate corporation or an independent entity. Since the complaint alleges that the earnings of the agency were to be used to pay for the stock pursuant to a plan promulgated by the directors of the insurance company, it is implied necessarily that the company had control over the disposition of the earnings of the agency, and that the earnings of the agency were in fact earnings of the company.

■ Under what we consider to be a proper construction of the complaint, the company was in reality the donor of the trust, and therefore would be entitled to assert a failure of the trust or to demand its enforcement.

■ Even if we should conclude that the insurance company was not the donor of the trust, it appears that the company would have enforceable rights as a third-party beneficiary of the trust. The complaint alleges that the trust was created for the purpose of financing a pension system for the employes of the insurance company. The company would receive direct benefits from the establishment of a pension system, by way of such things as the attraction of more competent workmen to its employ, the inducement of better and more continuous service, and the avoidance of expense of labor turnover. See Psutka v. Michigan Alkali Co., 274 Mich. 318, 264 N.W. 385.

Actually, the company is the only person in a position to assert rights in the alleged trust, because the terms and conditions of the proposed pension system have not been fixed, and therefore no one employe of the company could assert that he would have been entitled to benefits under the pension plan. See Stewart v. Wisconsin Steel Co., 183 Ky. 730, 210 S.W. 479.

■ The appellees maintain that the complaint shows on its face that the claim for relief is barred by limitations, because it shows that the defendant Holloman repudiated the alleged oral trust more than five years before the action was brought. KRS 413.120(1). The complaint alleges specifically that Holloman made statements recognizing and acknowledging the trust until some time in December 1952, which was only a few months before the action

was brought. However, the complaint further alleges that Holloman caused the stock to be transferred to his name in 1947, and thereafter he voted the stock and collected the dividends. In our opinion, the latter acts do not of themselves constitute such repudiation of the trust as to overcome the alleged specific statements of Holloman acknowledging and recognizing the existence of the trust.

The judgment is reversed, with directions to enter an order overruling the motion to dismiss the complaint.