Ascencion GARCIA, Appellant,

v.

Louis LACEY, d/b/a Louis Lacey Motor Company, Appellee.

No. 13379.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 10, 1958.

J. Earl Barnhouse, Alice, for appellant.

Parker Ellzey, Alice, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Louis Lacey, d/b/a Louis Lacey Motor Company, against Ascension Garcia, seeking to recover the balance alleged to be due under the provisions of two written instruments.

The first instrument, dated April 18, 1956, was a conditional sales contract of a 1956 Mercury automobile, executed by defendant, in which he promised to pay plaintiff the sum of $3,263.20 in stated installments. The second instrument, dated January 10, 1957, was a conditional sales contract of a 1957 Mercury automobile, executed by defendant, in which he promised to pay plaintiff the sum of $3,357 in stated installments. Each instrument was shown to be entitled to numerous credits.

At the close of evidence the trial court granted plaintiff's motion for an instructed verdict, and rendered judgment in plaintiff's favor in the total sum of $2,367.63, with legal interest, from which judgment Ascencion Garcia has prosecuted this appeal.

■ In his brief appellant set out ten points, but made no attempt to brief any of these points except Nos. 5, 8 and 9. Therefore, he waived all of them except Points Nos. 5, 8 and 9. Rule 418, Texas Rules of Civil Procedure; San Antonio Joint Stock Land Bank v. Malcher, Tex. Civ.App., 164 S.W.2d 197; Ferguson v. Gleason, Tex.Civ.App., 197 S.W.2d 863; Charles v. Cole, Tex.Civ.App., 257 S.W.2d 460.

The most that can be said of Points Nos. 5, 8 and 9 is that they raise the contention that appellant had properly pleaded a cross-action based on alleged fraud, and that the court erred in excluding evidence offered by him relating to such fraud.

■ The pleadings of appellant are not sufficient to raise the issue of fraud. His only pleading which in any way could be regarded as alleging fraud is to the effect that appellant purchased new automobiles but was delivered automobiles which had been used as demonstrators. This falls far short of alleging that he was induced to execute the written instruments by the fraud of appellee. 20–A Tex.Jur. 100–101. However, passing over the question of pleadings and going to the question of the proffered testimony, we find that in support of Point 5 appellant cites S.F. p. 19. A reference to that page fails to show that the court excluded any testimony offered by appellant. In support of Point 8 appellant cites S.F. p. 37. There is nothing on that page to show that the court refused to permit appellant to offer evidence of fraud. Point 9 cites S.F. p. 42. It does appear on page 42 that the court excluded a question as to whether or not the 1956 Mercury was a new or used automobile, but the record does not show what the answer of the witness would have been, had he been permitted to answer. In the absence of such a showing no error is presented. Jett v. Kahn, Tex.Civ.App., 273 S.W.2d 431; Taylor v. Taylor, Tex.Civ.App., 272 S.W.2d 636; Bradford v. Magnolia Pipe Line Co., Tex.Civ.App., 262 S.W.2d 242.

The judgment is affirmed.