

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 12, 1998

The Honorable John Mann
District Attorney
31st & 223rd Judicial Districts of Texas
P.O. Box 24
Shamrock, Texas 79079-0024

Opinion No. DM-490

Re: Whether a school district is entitled to assess ad valorem taxes against royalty interests in a pooled gas unit based upon the location of the well or based upon the location of the real property to which the royalty interests appertain (RQ-1140)

Dear Mr. Mann:

The former Wheeler County Attorney[1] submitted an opinion request to this office asking about the distribution of ad valorem taxes on royalty interests in gas between two school districts when the well is located in school district A but the royalty interests sharing royalty income from the well appertain to land located in both school districts A and B. He described the following situation: A 640 acre tract of land in Wheeler County is the subject of a pooling agreement "whereby all royalty owners in the . . . tract receive royalty income from" the one producing gas well on the tract. Half of the tract is located in school district A and the other half is located in school district B. The tract's one producing gas well is located in school district A. Although the royalty owners of the half of the tract located in school district B receive royalties, school district A "is receiving all ad valorem taxes assessed against the royalty estates in the entire 640 acre tract since the . . . well bore is within this school district."

Wheeler County asks, in essence, whether a school district is entitled to assess ad valorem taxes against royalty interests based upon the location of the well or based upon the location of real property to which the royalty interests appertain. We conclude that a school district is entitled to assess ad valorem taxes against a royalty interest based upon the location of the real property to which the royalty interest appertains. We have not been able to locate any court decision or attorney

---

[1]We have received a letter from your office stating that the "District Attorney's Office for the 31st and 223rd Judicial Districts of Texas is now acting in the capacity of County Attorney for Wheeler County" and that the "office of the Wheeler County Attorney continues to be interested in obtaining the opinion previously requested in reference to Request #995." We assume you intend to refer to RQ-1140 rather than RQ-995, as the latter request is no longer pending in this office. We received an opinion request, which we assigned RQ-995, from the former Wheeler County Attorney in July 1997, and soon thereafter asked him to brief the legal questions presented in the request. We kept RQ-995 open awaiting a legal brief until this winter when we closed it by a letter dated February 17, 1998. We received a letter brief from the former Wheeler County Attorney in May 1998, which we treated as a new request, RQ-1140.

general opinion addressing the particular situation at issue. Case law and statutes, however, provide the basis for our conclusion.

It is well established in this state that a royalty interest in oil, gas or other minerals is taxable as real property.[2] The Tax Code governs the taxable situs of real property as follows: "Real property is taxable by a taxing unit if located in the unit on January 1."[3] Courts have held that because a royalty interest is taxable as an interest in land, it is taxable as real estate in the county where the land to which it appertains is located, rather than in the county where the owner of the interest resides.[4] In other words, the taxable situs of a royalty interest is the location of the real property to which the royalty interest appertains. We believe it follows from these principles that a school district may tax royalty interests that appertain to real property located in the school district and may not tax royalty interests that pertain to real property located outside the school district.

Based upon the foregoing, we believe that in the situation presented both school districts are entitled to tax the royalty income generated by the well located in school district A. School district A may tax the royalty income on royalty interests that appertain to real property located in school district A, and school district B may tax the royalty income on royalty interests that appertain to real property located in school district B. As we explain below, however, the terms of the pooling agreement will determine whether the school districts send tax bills to all or only some of the royalty interest owners.[5]

In the absence of a stipulation to the contrary, "the legal effect of pooling . . . is to constitute all of the participants joint owners or joint tenants of all royalty interests in the pooled . . . block, the ownership being in the proportion that the acreage in each tract bears to the total acreage in the block."[6] Under the terms of the pooling agreement, the royalty interests in the 640 acre tract may

---

[2]*See Sheffield v. Hogg*, 77 S.W.2d 1021, 1030 (Tex. 1934); Tax Code § 1.04(2) (defining the term "real property" to include "an estate or interest" in land or a mineral in place).

[3]Tax Code § 21.01; *see also id.* § 25.17 ("If real property is located partially outside and partially inside a taxing unit's boundaries, the portion inside the unit's boundaries shall be listed separately from the remaining portion.").

[4]*Jett v. Kahn*, 273 S.W.2d 431, 433 (Tex. Civ. App.--Beaumont 1954, writ ref'd n.r.e.) ("royalties are 'rights and privileges belonging or . . . appertaining' to the land leased . . . and are therefore assessable as real property by the defendant county and school district . . . ."); *Wilcox v. Hull-Daisetta Indep. Sch. Dist.*, 95 S.W.2d 490, 493 (Tex. Civ. App.--Beaumont 1936, writ ref'd) (concluding that "said 3 per cent royalty or interest is an interest in the 300 acres of land and so taxable as real estate in the county where the land is located" and rejecting argument that royalty interest payable only in money was interest in personal property taxable only in interest owner's county of residence).

[5]We assume for purposes of this opinion that the royalty interest owners have not filed a request for joint taxation. *See* Tax Code § 25.12.

[6]56 TEX. JUR. 3D *Oil and Gas* § 496 at 283 (1987). *See Brown v. Smith*, 174 S.W.2d 43, 46 (Tex. 1943) ("An oil and gas lease jointly executed by the owners of two or more tracts of land owned in severalty, with provision for pooling or sharing, on the basis of acreage, the royalties from oil or gas produced anywhere on the leased land, has the effect of vesting all of the lessors, at least during the life of the lease, 'with joint ownership of the royalty earned from
(continued...)

be jointly owned by all of the royalty interest owners. In that case, the two school districts would each tax half of the income on all the royalty interests, and each school district would send a tax bill to each royalty interest owner. If, however, the royalty interest owners are not joint tenants, then each school district would tax all of the income on only those royalty interests located in the school district and would send a tax bill only to those royalty interest owners. Because the determination whether the royalty interest owners' interests are jointly owned depends upon the terms of the pooling agreement,[7] its resolution is beyond the scope of an attorney general opinion.[8]

In sum, a school district is entitled to assess ad valorem taxes against royalty interests in a pooled gas unit based upon the location of the real property to which the royalty interests appertain as opposed to the location of the well. Whether the school districts in the situation you present will send tax bills to all or some of the royalty interest owners will depend upon the terms of the pooling agreement.[9]

---

[6](...continued)
all the land in such block.' The lease so executed is a conveyance by each lessor to each of the other lessors of an undivided interest in the royalties. The joint ownership of the royalty interest in all of the land included in such lease is created by the action of the several land owners in joining in the execution of the lease."); see also Montgomery v. Rittersbacher, 424 S.W.2d 210, 213 (Tex. 1968); Veal v. Thomason, 159 S.W.2d 472, 476 (Tex. 1942); Kelln v. Brownlee, 517 S.W.2d 568, 571 (Tex. Civ. App.--Amarillo 1974, writ ref'd n.r.e.).

[7]We have no information about the pooled gas unit at issue. The allocation of interests in the production of some pooled units is governed by statute and may be modified by the Texas Railroad Commission. See, e.g., Nat. Res. Code § 102.051. In other cases, the allocation of interests in the production of a pooled unit is controlled by contract. Here, the owners of mineral interests in the 640 acre tract may have entered into a private pooling agreement.

[8]This office cannot make findings of fact and does not construe contracts. See Attorney General Opinions DM-383 (1996) at 2 (interpretation of contract not appropriate function for opinion process), DM-192 (1992) at 10 ("This office, in the exercise of its authority to issue legal opinions, does not construe contracts."), JM-697 (1987) at 6 ("review of contracts is not an appropriate function for the opinion process").

[9]The first opinion request, RQ-995, asked whether school district B is entitled to recover from school district A any improperly collected taxes. In his May 1998 letter, however, the former Wheeler County Attorney neither raised nor briefed this issue and we do not address it here. See note 1 supra.

## S U M M A R Y

A school district is entitled to assess ad valorem taxes against royalty interests in a pooled gas unit based upon the location of the real property to which the royalty interests appertain as opposed to the location of the well.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General