Lewis T. HALL, Appellant,

v.

Bailey C. HALL, Individually and as Independent Executor of the Will of Alice Josephine Hall, Deceased, Appellee.

No. 13806.

Court of Civil Appeals of Texas.

Houston.

Jan. 4, 1962.

A. C. Goodson, Houston, for appellant.

Dyess, Dyess, Prewett & Cantey, William R. Powell, A. D. Dyess, Jr., Houston, for appellee.

. WERLEIN, Justice.

Appellant, Lewis T. Hall, sued Bailey C. Hall, Individually and as Independent Executor of the Estate of Alice Josephine Hall, Deceased, to recover on a $16,000.00 check dated November 15, 1955, allegedly signed by the decedent. The case was tried before the court without a jury, and judgment was rendered that appellant take nothing.

By his First Point appellant contends that appellee's affidavit does not conform to Rule 93(h), Texas Rules of Civil Procedure, and is insufficient to put in issue the execution and delivery of the check in question. The pertinent part of Rule 93 (h) reads:

"Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit shall be sufficient if it state that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority. In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

The affidavit of appellee's attorney states that he has read the foregoing answer and that all matters therein stated are true and correct. Appellee's answer alleges with respect to the execution of the instrument:

"Your defendant specially denies the execution by ALICE JOSEPHINE HALL of the instrument sued upon because the said ALICE JOSEPHINE HALL is dead and this defendant has no manner of ascertaining whether ALICE JOSEPHINE HALL did or did not execute the same in whole or in part and knows not whether the signature thereon is or is not genuine."

We think the foregoing allegation is insufficient to meet the requirements of Rule 93(h). It is further our view, however, that appellant has waived strict

compliance with Rule 93(h) by not pointing out by motion or exception in writing the defect or fault and bringing it to the attention of the judge of the trial court before the rendition of judgment. Rule 90, Texas Rules of Civil Procedure. Furthermore, the Point presents no reversible error since the check was admitted in evidence by the court for all purposes.

■■ Appellant next contends that the court erred in not rendering judgment for him, because there is no evidence amounting to a legal defense to the check in question. Appellee in his verified answer put in issue, in addition to the matter of execution and delivery of the check: (1) mental incapacity, (2) undue influence, duress and fraud, (3) material alteration, (4) failure of consideration in whole or part, (5) no consideration, (6) the two and four year statutes of limitation, and (7) the statute of frauds. Since no findings of fact or conclusions of law were requested or filed, the trial court's judgment implies all necessary fact findings in support thereof. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." Renfro Drug Co. v. Lewis, 1950, 149 Tex. 507, 235 S.W.2d 609; Kirksey v. Warren, Tex.Civ.App.1961, 348 S.W.2d 33.

■ The issue as to whether the decedent did or did not have mental capacity is to be determined as of the time of the execution of the instrument. Payne v. Chance, Tex.Civ.App.1928, 4 S.W.2d 328; Venner v. Layton, Tex.Civ.App.1951, 244 S.W.2d 852, ref., n. r. e.; Smith v. Welch, Tex.Civ.App.1955, 285 S.W.2d 823, ref. n. r. e. The foregoing cases involve the execution of wills, but ordinarily less capacity is required to enable one to make a will than to enter into a contract. The following statement is quoted from 24–A Tex.Jur., p. 483, § 18:

"In any proceeding involving the question of mental condition, the proof must be directed to the condition as it existed at a particular time, but such mental condition may be proved by evidence of the state of the person's mind at other—and especially at prior—times. Considering the remoteness of the time to which the investigation may reach, it has been said that it is impossible to fix a general limit that will control in all cases. The question, however, seems to be one of degree only. The further off the evidence is carried, the weaker it may be, but it is still evidence and should be considered."

See Fulcher v. Young, Tex.Civ.App.1945, 189 S.W.2d 28, ref., w. m.

■ The law indulges a disputable presumption of sanity, and casts on the party who alleges mental incapacity the burden of proving his contention. 24–A Tex.Jur., p. 479, § 15. It is necessary, therefore, to determine whether there was any evidence adduced at the trial to overcome such presumption and upon which the court could base a finding that the deceased was in such mental condition that she lacked contractual capacity on November 15, 1955, when the check in question was allegedly signed by her.

Dr. D. J. Wible, who visited and treated the deceased frequently in 1953, and less often in 1954 and 1955, and who saw her as late as July, 1955, testified that she was in an advanced stage of senility in 1954 and even in a more advanced stage of senility in 1955, right on to 1958 when she expired. He was asked specifically as to her ability to understand the nature of business transactions as of November 15, 1955, and testified that she was in pretty bad shape and that he did not think she was mentally capable of conducting her own business affairs. On cross-examination he testified that the deceased was in bad shape every time he visited her,

and that sometimes she was certainly incapable of writing a check.

William L. Hall, brother of the defendant, testified that he had been married since 1923 and that the deceased, who was his mother, knew his wife by sight prior to 1953, but in 1953, when he visited the deceased, she didn't recognize her daughter-in-law; that he knew his mother was getting worse from 1953 to 1955, and that in November, 1955 she did not have the mental capacity to understand the nature of business transactions and carry on business for herself; and that he would not trust her with any of his business.

Mrs. William L. Hall testified that she married Mr. Hall in 1923, and came to know his mother well in the years she was in the family; that during the years of 1952, '53, '54 and '55, she saw the deceased two or three times a year, maybe a week or two weeks at a time; that in 1953 she and her husband visited the deceased, and that her mother-in-law didn't recognize her for some thirty minutes or longer and a neighbor tried to convince her mother-in-law who she was; that she saw "Mother Hall" in 1954, and she was growing more forgetful and wasn't well physically or mentally; that when she saw her the last time in 1955 before November 15, 1955 she didn't think the deceased had the mental capacity to manage and handle or understand the nature of her own business affairs.

The court may have also considered as having a bearing upon the mental condition of the decedent on November 15, 1955, and possibly also on the defense of undue influence or fraud, appellant's stipulation that the appellant himself wrote everything on the check except the signature, and the further fact that the largest balance the deceased ever had in the bank during the year 1955 was only $1,199.39, whereas the check was drawn for $16,000.00. There was also evidence that no one knew of the existence of the check from the time it was allegedly signed in November, 1955, until after the death of the decedent in August, 1958.

■ In our opinion, the testimony of Dr. Wible and Mrs. Hall, without considering that of Mr. Hall, constitutes some evidence in support of the court's judgment and the implied findings of fact incident thereto that at the time the check in question was signed the deceased was in such mental and physical condition that she did not have the mental capacity to contract.

By Points 6 and 7 appellant asserts that the court erred in admitting the testimony of William L. Hall and his wife as to the mental capacity of the deceased since such testimony was in violation of Art. 3716, Vernon's Ann.Tex.Civ.St., in that such witnesses, though not parties to the suit, had a financial interest in its outcome, and also because their testimony was of events too remote in time to have any probative force.

■ The evidence shows that William L. Hall is one of the devisees in the will of the deceased and that he would secure a larger share of the estate if the plaintiff failed to recover on the check in question. Hence he had a direct and substantial interest in the suit although not a party thereto, and would therefore be incompetent to testify as to transactions with the deceased. Whatley v. Whatley, Tex. Civ.App.1943, 169 S.W.2d 989, writ. ref.

Our Supreme Court, in Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, went so far as to hold that the words "Transaction with" included every method by which one person can derive impressions or information from the conduct, condition or language of another, and that an opinion as to sanity based not upon any conversation had with or statement by the deceased, but solely upon observations of the deceased's acts or conduct, and physical and mental condition, was a transaction with the deceased. We feel compelled to hold in conformity with the decision in

Holland v. Nimitz, that the trial court erred in admitting the testimony of Mr. Hall as to the mental capacity of the deceased.

It is our view, however, that such error is harmless. When a case is tried by the court without a jury, it will usually be considered on appeal that the court, in reaching its conclusions, did not consider improper opinions erroneously received by it, and, if there is sufficient other competent evidence to sustain the judgment, a reversal will not be granted. 24 Tex.Jur. 2d p. 48, Evidence, § 553, and cases there cited. It is our opinion that the testimony of Dr. Wible and Mrs. Hall provided sufficient other competent evidence to sustain the judgment without considering the testimony of Mr. Hall which was more or less cumulative of his wife's testimony.

 We disagree with appellant that Mrs. William L. Hall was also incompetent to testify. Mrs. Hall was not a party to the suit and the subject matter of the suit was the husband's separate property in which the wife's rights were at best merely potential and contingent. Under such circumstances she was not incompetent to testify under Art. 3716, V.A.T.S. Mitchell v. Deane, Tex.Com.App.1928, 10 S.W.2d 717; Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291; Lehmann v. Krahl, 155 Tex. 270, 285 S.W.2d 179, 1955. With respect to remoteness, the law is well settled that there is no general limit that will control in all cases. The question is one of degree only. We cannot say that the instance testified to by Mrs. Hall which occurred in 1953 when the deceased failed to recognize her was too remote to have any probative value. The matter of remoteness is largely within the sound discretion of the trial judge taken in relation to all of the testimony in the case. Furthermore, appellant has waived this point by failing to object to the introduction of the testimony on the ground of remoteness at the time the testimony was introduced.

Appellant's Points of Error Nos. 3, 4, 5, 8, 9 and 10, although restated, are not briefed, as required by Rule 418, Texas Rules of Civil Procedure, and therefore they will be treated as waived and will not be considered. 4 Tex.Jur.2d 167, Appeal and Error, § 658; Progressive Union of Texas v. Independent Union, etc., Tex. Civ.App.1954, 264 S.W.2d 765, 768, ref., n. r. e.; Charles v. Cole, Tex.Civ.App. 1953, 257 S.W.2d 460; Texas Employers Ins. Ass'n v. Tate, Tex.Civ.App.1948, 214 S.W.2d 877, ref., n. r. e

The judgment of the trial court is affirmed.