Millard D. CARR, Appellant,

v.

William W. DENSFORD and E. D. Meredith
dba A–I Bail Bond Service, Appellees.

No. 8232.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 28, 1972.

Millard D. Carr, pro se.

Boyd Knudtson, Amarillo, for appellees.

PER CURIAM.

This is an appeal from a summary judgment denying Millard D. Carr, plaintiff-appellant, recovery in his suit for damages against William W. Densford and E. D. Meredith, dba A-1 Bail Bond Service, defendants-appellees, for alleged breach of contract by the bail bondsmen to reinstate appellant's appeal bond. Affirmed.

In appellant's First Amended Original Petition, it is alleged that on or about May 1, 1970, he and the bail bondsmen entered into a contract for the bondsmen to act as sureties on appellant's appeal bond and that appellant agreed to pay premiums therefor under a specified schedule of payments. The petition further alleges that on May 20, 1970, an affidavit was signed by one of the sureties for the purpose of procuring a warrant for appellant's arrest and to surrender the appellant to the Sheriff of Potter County, Texas. Also, it is alleged that on June 17, 1970, the bail bondsmen advised appellant that they would reinstate his appeal bond upon his release from all charges in Lubbock, Texas, as evidenced by a certain letter attached to and made a part of appellant's petition. The letter exhibit is set out as follows:

"A-1 Bail Bond Service
    Member American Association of Bail Bondsmen

6th & Pierce, P.O. Drawer 1680,
Amarillo Texas   79105
24 Hour Telephone — 376-5301
June 17, 1970

"Mr. Millard Dean Carr
P.O. Box 2509
Lubbock

"Dear Millard:

"I wrote Mrs. Beatty that I would continue to help and defend you, as I have, but could not do it alone. She only offered to take care of you if you came to Florida, but not to pay bond fees or be responsible for your bond.

"Your proposal is reasonable. I will be willing to reinstate your appeal bond if you are released of all charges in Lubbock.

"If something can be worked out with somebody else; e.g., Mrs. Beatty, I will be willing for you to go to Florida where somebody can look after you.

"I will write to Earl Ince, Jr., and let you know what, if anything, I hear from him.

"Very truly yours,

s/Bill
Wm. W. Densford"

Appellant further alleges that on August 5, 1970, he was returned to Amarillo, Texas, by one of the sureties on the appeal bond and placed in the custody of the Potter County Sheriff's Department pending renewal of the bond. Additionally, appel-

lant urged that the bail bondsmen were guilty of breach of contract because of their failure to reinstate the bond and that he suffered damages of (1) $215.00 per week during the period of his incarceration; (2) loss of property in the sum of $500.00; and (3) the sum of $60,000.00 for ill health and mental suffering. It is observed that appellant does not make a specific claim for recovery of any consideration paid for the suretyship. Futher, no specific complaint is set out concerning his being surrendered to the custody of the sheriff, but his suit appears to be based upon the alleged agreement to renew or reinstate the appeal bond. Appellant's pleadings were unverified.

On June 10, 1971, appellees filed their First Amended Answer under oath, denying the existence of a contract forming any basis for appellant's claim for damages and stating that no consideration for any contract was ever received, no final commitment was ever made by appellees, and at no time, was a final agreement reached. Also, on the same date, appellees filed their motion for summary judgment along with a supporting affidavit. Attached as exhibits to the motion and supporting affidavit are copies of the letter of June 17, 1970, and the appeal bond, respectively. The motion for summary judgment set out that the letter of June 17, 1970, showed on its face that it was not a final binding agreement and that the appellant's unverified pleadings and exhibits do not allege a cause of action or support any claim for damages against the appellees. The motion further alleges that the appellant's pleadings contain no statement or allegation of fact showing a final concluded agreement or any allegations relating to consideration either paid to or received by the appellees whereby they would be bound or obligated to complete any negotiation or agreement regarding the appeal bond in question. The supporting affidavit also set out "(T)hat the Plaintiff was not released of all charges, for, in fact, he was convict-

ed of being drunk in Lubbock and was assessed a $25.00 fine."

The appellant did not file a controverting affidavit to the allegations set out in appellees' pleadings and affidavit in support of their motion for summary judgment. After hearing and considering the pleadings, affidavits and exhibits, the trial court granted the appellees' motion for summary judgment and decreed that appellant take nothing against the appellees by his suit. From this judgment, the appellant has brought his appeal predicated upon five assignments of error. Appellees have replied by three counterpoints.

■ In his first point of error, appellant contends that the motion for summary judgment was improperly set. The motion was filed with the district clerk and served upon the appellant on June 10, 1971. The time designated for the hearing was June 11, 1971. The parties, including the appellant and his attorney, appeared for the hearing at the scheduled time. When the matter was called for hearing, the appellant's attorney, in open court, in the presence of the appellant, announced that he was ready to proceed with the hearing and did not ask for a continuance. Although Rules 21a and 166–A(c), Texas Rules of Civil Procedure, provide for notice and hearing on a motion for summary judgment after the expiration of 10 days following the filing thereof, it has been held that such 10 day notice requirement may be waived when the parties are properly before the court, and no request was made for additional time or for continuance. Chalkley v. Ashley, 392 S.W.2d 752 (Tex. Civ.App.—Dallas 1965, no writ); Fowler v. Texas Employers' Ins. Ass'n, 237 S.W.2d 373 (Tex.Civ.App.—Fort Worth 1951, writ ref'd). Appellant's first point is overruled.

■ In appellant's second point of error, he contends that the trial judge who granted the summary judgment was a witness in the case and was therefore not entitled to preside over these proceedings.

Appellant obviously bases his contention that the trial judge was a witness upon his (appellant's) request that the district clerk of Potter County issue a subpoena for the trial judge as a witness. Appellant in his brief quotes from Article 30.01, Vernon's Ann. Texas Code of Criminal Procedure, apparently seeking to bring the trial judge within some disqualification outlined therein. There is no pleading or evidence whatsoever regarding any of these matters set out in 30.01 T.C.C.P., which has application in criminal cases. The instant matter is a civil proceeding, and it is not shown that the quoted provisions of Article 30.01, T.C.C.P., are applicable. There is no evidence whatsoever showing that the trial judge was disqualified from hearing the case. Also, in appellant's fourth point, he complains that the district clerk failed to issue subpoenas for a number of witnesses requested in his behalf. Rule 166–A(c), T.R.C.P., provides that no oral testimony shall be received at the hearing on a motion for summary judgment. We, therefore, hold that appellant's second and fourth points are without merit and they are hereby overruled.

In appellant's third point, he claims that the order granting the summary judgment is contrary to the law and the evidence. It is well established that in a summary judgment proceeding, the questions of fact must be raised by the pleadings, depositions, admissions, affidavits and other written instruments, and that no oral testimony shall be received at the hearing. In this case, the appellant submitted only his unsworn pleadings and exhibits. Although his unsworn pleadings refer to the letter of June 17, 1970, as a basis for the contract or agreement allegedly breached by the appellees, he insists that the appeal bond itself was the contract or basis for his claim of breach against the bail bondsmen. The trial court had before it the appellant's unverified pleadings, the appellees' sworn pleadings, motion for summary judgment and supporting affidavit, along with the letter, appeal bond and other exhibits. The trial court made the determination that there was no breach of contract shown by the pleadings or affidavits and exhibits on file. In the case of Jones et ux. v. El Paso Natural Gas Products Co. et al., 391 S.W.2d 748 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.), the court stated that in a situation in which a case can be decided upon the construction of an unambiguous written instrument, the construction of the instrument is a matter of law for the court. We have no pleadings or opposing affidavit or other written instrument indicating ambiguity in the written instrument, whether the letter, the appeal bond, or both. Also, in this case, we find no counter affidavit in denial of any of the matters contained in either the appellees' sworn answer or in the affidavit in support of appellees' motion for summary judgment. Further, appellant's failure to submit summary judgment proof other than his own unsworn pleadings and his making no showing that affidavits were not available could be properly construed as an admission of the facts contained in appellees' supporting affidavit. In this situation, the affidavit was clear and there are no circumstances in evidence tending to impeach or discredit such testimony, and the trial court was left without alternative other than to accept same as uncontroverted statements of fact. Gifford v. Travelers Protective Ass'n of America, 9th Cir., 153 F.2d 209; Rolfe v. Swearingen, 241 S.W.2d 236 (Tex.Civ.App.—San Antonio 1951, writ ref'd n. r. e.); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 49 (Tex.Sup.1965). Additionally, we find no ambiguity in the exhibits to be construed, and it is well established that the construction of unambiguous instruments are questions of law for the court to decide. Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777; Pan American Petroleum Corp. et al. v. Texas Pacific Coal and Oil Co. et al., 340 S.W.2d 548 (Tex.Civ.App.—El Paso 1960, writ ref'd n. r. e.). We

hold that under the state of the record in this case, the failure of appellant to controvert the sworn testimony in the manner prescribed by Rule 166–A, T.R.C.P., together with the existence of instruments subject to construction by the court as questions of law, pretermits any legitimate complaint on appellant's part as to the ruling made. Hall v. Texas Department of Public Safety, 413 S.W.2d 470 (Tex.Civ. App.—Austin 1967, no writ). For the reasons above stated, we overrule appellant's third point.

In appellant's fifth point, he complains that the trial court denied him a pre-trial hearing. We hold that this point is without merit. He had previously requested a pre-trial conference, and, in fact, the summary judgment hearing in which he participated was in itself a pre-trial hearing. The disposition of the summary judgment motion precluded the necessity of further pre-trial hearings since no material fact issues or questions of law remained for determination. In this connection see Pan American Petroleum Corp. et al. v. Texas Pacific Coal and Oil Co. et al., supra.

In this case, the trial court, in effect, determined that the pleadings, together with the supporting affidavit and exhibits, established that there was no genuine issue of material fact as to appellant's unverified allegations regarding the existence of a final, valid and binding agreement with payment of consideration. Thus, the appellant had no basis in fact or law upon which to ground a cause of action or to support his claim for the damages sought. After a review of the record, we hold that there remain no issues of material fact for determination and that appellees were entitled to the summary judgment granted by the trial court.

Accordingly, the judgment of the trial court is affirmed.