Randy SLOCUM, Appellant,

v.

UNITED PACIFIC INSURANCE
COMPANY, Appellee.

No. B1964.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 21, 1979.

John L. Moore, Stephenson, Moore & Associates, Bellaire, for appellant.

Jack R. Martin, Martin, Sperry & Leboeuf, Houston, for appellee.

J. CURTISS BROWN, Justice.

Plaintiff brought this suit to recover lost income based on the coverage afforded by the personal injury protection clause of an automobile insurance policy. The defendant insurance company's motion for summary judgment was granted on the sole ground that the plaintiff was not a wage earner or income producer.

Appellant, Randy Slocum (Slocum or appellant), an engineering student, accepted an offer of summer employment and was to begin work as an offshore "roustabout" on the Tuesday following the Memorial Day weekend. However, he was involved in an automobile accident over that weekend and did not report to work as planned due to the injuries received. His claim was denied by the insurer, the United Pacific Insurance Company (appellee or United).

Personal injury protection coverage is regulated by article 5.06–3 of the Texas Insurance Code. The relevant portion of that article provides

in the case of an income producer, payment of benefits for loss of income as the result of the accident; and where the person injured in the accident was not an income or wage producer at the time of the accident, payment of benefits must be made in reimbursement of necessary and reasonable expenses incurred for essential services ordinarily performed by the injured person for care and maintenance of the family or family household. . . .

Appellant's insurance policy contained endorsement 243, the standard personal injury protection provision, which defines a wage earner or income producer as "a person who at the time of an accident was in an *occupational status* where such person was earning or producing income. . . . " (emphasis added).

Since this is an appeal from an order granting a summary judgment, the burden was on the appellee to establish by undisputed summary judgment evidence that no material fact issues existed and that it was entitled to judgment as a matter of law. *Estrada v. River Oaks Bank & Trust Co.,* 550 S.W.2d 719, 729 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.); Tex.R.Civ.P. 166–A(c).

In his response to appellee's motion for summary judgment appellant presented summary judgment evidence that he had accepted an offer of definite employment to begin on the first working day after the accident. The affidavit of the employer set forth the conditions of the employment and showed the minimum wage appellant would have earned. Slocum had worked for a different employer the previous summer and had earned a scholarship paying him $500.00 a semester for each of the two intervening semesters.

The personal injury protection outlined in article 5.06–3 is a type of no-fault insurance designed to provide benefits to the insured and family for injuries sustained in automobile accidents. Neither the statute nor the policy definition of income producer can be so strictly construed as to deny recovery of lost income by one who, like appellant, had accepted a firm offer of employment, was to report for work at a definite time and at a set rate of compensation, but was prevented by injuries sustained in automobile accident from enjoying the fruits of his labor. It was error for the trial court to hold, as a matter of law, that appellant, because he had not yet reported for work, was not in an "occupational status" at the time of the accident. In light of our holding that at least a fact question was presented as to whether appellant was a wage earner or income producer as defined in the policy, it is unnecessary to decide whether the policy definition of "wage earner" or "income producer" is in conflict with article 5.06–3. The judgment appealed from is reversed and the cause is remanded.

Reversed and remanded.