Randy **SLOCUM**, Appellant,

v.

**UNITED PACIFIC INSURANCE COMPANY, Appellee.**

No. 17894.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 22, 1981.

Rehearing Denied Feb. 26, 1981.

Stephenson, Moore & Associates, Joe D. Anderson, Bellaire, for appellant.

Martin, Sperry & LeBoeuf, Malcolm Williams, Houston, for appellee.

PEDEN, Justice.

Randy Slocum brought this suit against his insurance carrier on a family automobile combination policy. Slocum's hand was fractured in an automobile accident, and he based his suit for recovery of lost wages on the personal injury protection endorsement of his insurance contract, whereby the carrier agreed to pay:

> ... if the person sustaining such bodily injury is an income producer at the time of such accident, benefits for loss of income sustained by such person, while living, as a direct and proximate result of such accident....

Slocum was injured on May 23, 1975, and was to report to Burmah Oil Company to begin work on a summer job two days later.

The jury answered "We do not" to Special Issue No. 1 which asked:

> "Do you find from a preponderance of the evidence that Randy Slocum was an income or wage producer on May 23, 1975, the date of this accident?"

This instruction was given to the jury: "You are instructed that a wage or income producer is defined as a person who at the time of the accident was in an occupational

status, where such person was earning or producing income." This definition is exactly the same as that contained in the insurance contract sued upon.

In his first two points of error Slocum says the trial court erred in overruling his motion for an instructed verdict because the evidence establishes as a matter of law

1) that he was in "an occupational status" at the time of the accident as that term is defined in the policy prescribed by the State Board of Insurance in accordance with Article 5.06–3 of the Insurance Code, and

2) that he was "an income or wage producer" as provided in Article 5.06–3 of the Insurance Code, even if he doesn't qualify as a wage or income producer under the definitions in the policy, since its provisions adopted by the State Board of Insurance are more restrictive in scope than authorized by the Legislature and are void.

The insurance company points out in a counterpoint that Slocum's motion for an instructed verdict was submitted immediately after he rested and before the defendant company had had an opportunity to offer any evidence. We cannot say that there was nothing the defendant could have offered that would have raised a fact issue, so the trial judge did not err in refusing to instruct a verdict for the plaintiff before the defendant had had an opportunity to offer evidence. *Echols v. Wells*, 510 S.W.2d 916 (Tex.1974). Slocum's motion for instructed verdict was overruled and the defendant then rested, but Slocum did not again offer his motion. He has not shown that the trial judge erred in failing to grant his motion. His first two points of error are overruled.

In his third point of error Slocum complains that the instruction given by the trial court with Special Issue 1 (set out above) is more restrictive in scope than authorized by the Legislature and thus is void.

Slocum points out that Article 5.06–3 of the Insurance Code, V.T.C.S., provides that personal injury protection in an automobile insurance liability policy includes provisions for payment to the insured and members of his household of up to $2500 for certain necessary expenses "and in the case of an income producer, payment of benefits for loss of income as the result of the accident." The benefits required by this Act are payable without regard to the fault of the named insured or the recipient in causing or contributing to the accident.

There was evidence that Slocum had been hired by Burmah Oil to work that summer as a roustabout at wages that had been agreed upon. He was to report and begin work two days later, but he could not work because of the automobile accident. The carrier points out that he had not yet reported for work and had earned no wages.

Slocum refers to the fact that Article 5.06–3 of the Insurance Code provides "to the named insured, in the case of an income producer, payments of benefits for loss of income as a result of the accident" and "where the person injured in the accident is not an income or wage producer at the time of the accident, payments of benefits must be made in reimbursement of necessary and reasonable expenses incurred for essential services ordinarily performed by the injured person for care and maintenance of the family or family household." Slocum argues that these provisions clearly show that the legislature intended to make these benefits as liberal as possible, so the provisions of the act should be liberally construed for the benefit of the public.

Mr. Slocum has heretofore successfully appealed from the granting of an adverse summary judgment in this case. *Slocum v. United Pacific Insurance Company*, 577 S.W.2d 805 (Tex.Civ.App. Houston [14th Dist.] 1979, no writ).

Slocum's objection in the trial court to the definition was directed to the words "where such person was earning or producing income." He said he based his objection "on the Court of Civil Appeals' ruling that a person cannot be excluded from recovery in this type of situation where they have accepted a firm offer of employment and are to report to work at a definite time and at a

set rate of compensation and are prevented from doing so only by injuries" as shown by the evidence in this case.

The plaintiff brought this suit on the insurance contract, and his pleadings did not give notice that he was contending that the policy provisions were void because they were more restrictive than the statute. We hold that the trial court did not err in using the definition provided in the policy. We do not consider, however, that the phrase "at the time of the accident" found in the trial court's definition should be so narrowly construed as to deny a recovery to one who had commenced earning income from an occupation but received an injury on a day when he was not working. Under those circumstances it would be appropriate to instruct a jury that one does not have to be at work at the time of the accident to be in an occupational status.

The appellant's fourth and last point of error is that the trial court erred in overruling his motion for judgment notwithstanding the verdict because the jury's answer to Special Issue No. 1 was clearly against the great weight of the evidence. Since a trial judge may not grant a motion for judgment notwithstanding the verdict if there is any probative evidence supporting the verdict, this point is not properly worded to raise anything more than a "no evidence" question, but we have considered the entire record, and we conclude that the jury finding is not against the great weight of the evidence.

We affirm.

COLEMAN, C. J., and SMITH, J., participated.