ESTATE OF Keith J. GALLAND, Appellant,

v.

Mitchell ROSENBERG, Appellee.

No. C2770.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 31, 1981.

Elene B. Glassman, Glassman & Glassman, Houston, for appellant.

Ronald Franklin, Hill & Parker, Judson R. Wood, Vinson & Elkins, Houston, for appellee.

Before MILLER, MORSE and PRICE, JJ.

MILLER, Justice.

This is an appeal from a summary judgment entered as a result of an interpleader suit. Great-West Life Assurance Company (Great-West) brought an interpleader action to determine the recipient of insurance benefits on the life of Keith Jay Galland. Appellant, the estate of the deceased, and appellee, the designated beneficiary of the insurance policy, formally responded to the interpleader action and filed counterclaims and cross-actions on their respective behalfs. Appellee then filed a Motion for Summary Judgment with supporting affidavits claiming there were no issues of material fact to be adjudicated and asserting he was entitled to judgment in his behalf as a matter of law. Appellant filed an Objection and Authority in Support of Denial of Summary Judgment and supporting affidavits alleging a genuine issue of material fact as to the mental competency of the decedent at the time of the designation on the policy. After a hearing before the court the motion for summary judgment was sustained and the proceeds of the policy ordered paid to appellee. Appellant submitted a Motion for Reconsideration and to Correct or Vacate Judgment or for New Trial alleging grounds similar to those raised on this appeal. The court denied appellant's motion but corrected the final summary judgment on its own motion. Appellant appeals from the Order Correcting Final Summary Judgment. We affirm.

Appellant raises six points of error on appeal, five of which involve a claim of an unresolved issue of material fact. The sixth point raises a claim of a defective entry of judgment by the court. Underlying all points of error is the issue of the mental competency of the decedent, Keith Jay Galland. This issue finds its origin in the facts of this case. In November 1979, the decedent entered into an employment relationship with Delta Steel Corporation. As part of his employment benefits the decedent became entitled to a group life insurance policy in the amount of $25,000 issued by Great-West. Instead of designating his parents or relatives as beneficiaries, the decedent chose his boyhood friend, Mitchell Rosenberg, to receive the proceeds of the insurance policy. (Evidence taken from the supporting affidavits indicates the close friendship between the decedent and appellee and the somewhat strained relationship between son and parents.) The designation was accepted by Great-West and the policy went into effect.

Four months later the decedent died as a result of a self-inflicted gunshot wound. Appellee, as designated beneficiary, filed a claim for the insurance proceeds shortly thereafter. The father of the decedent received Letters of Administration designating him as administrator of the Estate of Keith Jay Galland and subsequently filed a claim for payment of the insurance proceeds. The Estate first asserted the mental incompetency of the decedent at the time of designation in this claim for payment of benefits. Appellant asserted because of this lack of competency the decedent was unable to make a competent designation of benefits, and therefore, the insurance proceeds belonged to the Estate. Faced with these multiple and mutually exclusive claims for proceeds, Great-West filed its Petition for Interpleader to have the recipient of the insurance proceeds determined by the court.

Appellant raises two basic arguments in support of its claims of error against entering the summary judgment. First, (covering points three through five) appellant asserts the proof presented by appellee in support of his motion for summary judgment does not meet the requirements of Rule 166–A Tex.R.Civ.P. Second, (covering points one and two) appellant claims the entering of a summary judgment was in error because the issue of mental competency is a *fact issue* necessitating certain proof and procedures not ascertainable through a summary judgment proceeding. We disagree with both arguments. Appellant's claims are based on the supposition an issue of material fact as to the incompetency of the decedent was presented but not adequately refuted by appellee's summary judgment proof. This was not the case. Appellant failed to adequately raise an issue of mental competency. Therefore, no issue of material fact was in contention and the court was correct in entering a summary judgment.

▮ Until recently, the pleadings in a case were sufficient to raise a fact issue for summary judgment purposes. *Carr v. Densford*, 477 S.W.2d 644 (Tex.Civ.App.—

Amarillo 1972, no writ). In 1978, however, a revision of Rule 166–A(c) Tex.R.Civ.P. went into effect restricting the presentation of issues to be considered in summary judgment situations. Under this new rule, fact issues for summary judgment purposes cannot be raised by pleadings but must be presented by written motions, answers or responses to summary judgment motions. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Seisdata, Inc. v. Campagnie Generale De Geophysique*, 598 S.W.2d 690 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). As this court stated in *Feller v. Southwestern Bell Telephone Co.*, 581 S.W.2d 775 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ):

> ... the nonmoving party is now required (by Rule 166–A(c)) to make some response to the motion for summary judgment, and in that response must bring fact issues to the attention of the trial court as a predicate to relying on those issues on appeal as grounds for reversal. To effectuate that purpose, "answer" as used in the rule must be interpreted to be an answer in response to the motion for summary judgment rather than an answer generally filed by a defendant in response to a petition.

*Id.* at 776. See also: *Gifford v. Old Republic Ins. Co.*, 613 S.W.2d 43 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ); *Terminal-Hudson Realty Corp. v. Weingarten Realty, Inc.*, 605 S.W.2d 626 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n. r. e.). It appears this change was partially instituted for the purpose of narrowing the issues to be addressed by a movant in a summary judgment proceeding. This change also has effect of freeing the movant so he no longer has to "negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court but were not." *City of Houston v. Clear Creek Basin Authority, supra*, 589 S.W.2d at 678–679. As stated by the Supreme Court in *Clear Creek*:

> [t]he new rule requires that contentions be expressly presented in the written motion or in a written answer or response to

the motion, and pleadings are not to be considered in determining whether fact issues are expressly presented in summary judgment motions... The written answer or response to the motion must fairly appraise the movant and the court of the issues the non-movant contends should defeat the motion. Id. at 678.

■ Appellant raised its contention of the mental incompetency of the decedent in its Objection and Authority in Support of Denial of Summary Judgment. The mere raising of the issue of incompetency in its response, however, was not enough on its own to obligate appellee to address the issue in his motion for summary judgment. The designation of appellee as beneficiary of decedent's group life insurance policy was part of a contractual agreement with his employer and Great-West. Insurance policies are contractual agreements and are governed by the general rules of interpretation applicable to contract law. *American Standard Life Ins. Co. v. Redford* 337 S.W.2d 230 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.). Included in those general rules is the presumption of mental competency to enter into a contractual agreement. *Denny v. Stokes*, 31 Tex.Civ.App. 425, 72 S.W. 209 (1903, no writ); *Swink v. City of Dallas*, 36 S.W.2d 222 (Tex.Comm'n App.1931). A presumption therefore exists that the decedent possessed the requisite mental capacity to make his designation. *Blount v. Westinghouse Credit Corp.*, 432 S.W.2d 549 (Tex.Civ.App.—Dallas 1968, no writ). *Hall v. Hall*, 352 S.W.2d 765 (Tex. Civ.App.—Houston 1962, no writ).

■ For this reason, if a presumption of competency is to have any bearing, the mere raising of an issue of incompetency in a response will not, on its own, obligate a summary judgment movant to prove the mental competency or disprove the possibility of incompetency of all parties to the contract. The presumption of competency to enter into a contract will outweigh a naked assertion of incompetency and no issue of material fact will be raised. If, however, the issue of mental incompetency is raised by the answer or response and

*some additional or corroborating evidence* is found in the affidavits or other supporting documents, the presumption will be overcome and a material fact issue will arise. The issue will then be before the court and the movant will have the burden to show an absence of material fact.

■ The affidavits and supporting documents introduced by appellant do not provide the necessary corroborating evidence to adequately raise the issue of mental incompetency. As already stated, appellant formally raised an issue of mental incompetency of the decedent in its Objection and Authority in Support of Denial of Summary Judgment. In this response, appellant reasserted the claim in its pleadings that the decedent "lacked the requisite legal capacity as a result of unsoundness of mind and any designation made by said Keith Galland is null, void and of no force and effect..." This claim of incompetency was also raised in appellant's Motion for New Trial. Beyond these assertions in its response and motion, however, the total of appellant's corroborating evidence is found in its two affidavits in support of its position. The first affidavit, from the decedent's father, relates the decedent's anger toward his parents and his sister and his recklessness in driving and in athletic events. The second affidavit, from the decedent's mother, also mentions his anger at his family and that he displayed impulsive, erratic and irrational behavior. No examples of the impulsive, erratic and irrational behavior are provided. In addition, neither affidavit contains any statement of opinion or fact that decedent was mentally incompetent at the time of his designation of beneficiary (or at any other time).

These affidavits cannot amount to the evidence necessary to corroborate an issue of material fact so as to overcome the presumption of competency. Appellant provided the court with no examples of particular occurrences that would raise a question of competency. Appellant offered no prior history of psychiatric treatment or medical opinion testimony that the decedent's behavior was evidentiary of incompetency.

Claims of anger and erratic behavior, without elaboration, certainly do not give rise to an issue of mental incompetency. In addition, the decedent's parents last communicated with their son in August 1979, four months before the insurance policy designation and over eight months prior to his death. Opinions of anger and impulsive, erratic and irrational behavior so far removed from the date in question do not raise an issue of incompetency sufficient to defeat the presumption. In essence, appellant presented no evidence there was an issue of material fact as to the decedent's incompetency. Therefore, the presumption of competency to enter into a contract was not overcome and the issue was not before the court.

Since the issue of the incompetency of the decedent was not before the court, no issue of material fact was raised and appellee was not obligated to show an absence of such issue. *Clear Creek, supra.* The burden is on a movant in a summary judgment proceeding to show a complete absence of any material fact issue properly raised. *Slocum v. United Pacific Ins. Co.*, 577 S.W.2d 805 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). No issue was properly raised here. Therefore, appellee did not have the burden of proving the decedent's competency. This being the case, the contents of appellee's affidavits are immaterial. Appellee met the requirements of Rule 166–A, Tex.R.Civ.P. Grounds of error one through five are overruled.

■ In its final point appellant claims the trial court erred in granting the Motion for Summary Judgment and entering the Final Summary Judgment because these instruments do not define and protect the rights of all litigants by making final determinations of the issues of the suit. Specifically, appellant asserts the cross-actions, counterclaims and other issues set out in the original interpleader action were not finalized by the Corrected Final Summary Judgment. After reviewing the record and looking at the Corrected Final Summary Judgment we disagree with appellant. *Gregory v. Lytton*, 422 S.W.2d 586 (Tex.Civ.

App.—San Antonio 1967, writ ref'd n. r. e.). The trial court entered a Final Summary Judgment on March 10, 1981, but reformed the judgment and disposed of all issues and parties to the interpleader suit. The second paragraph of the Final Summary Judgment was corrected to read:

> . . . it is further ordered that Plaintiff-in-Intervention, David Galland, as Administrator of the Estate of Keith Jay Galland, and Plaintiff, Great-West Life Assurance Company take nothing. Cross-Plaintiff, Mitchell Rosenberg shall pay the costs of Court, and all other remedies sought by Cross-Plaintiff-in-Intervention in his Motion for Reconsideration and to Correct or Vacate or For New Trial shall be denied.

Therefore, this reformation by the court disposed of all outstanding issues and parties to the suit. Judgment was entered in accordance with Rule 166–A. This point of error is overruled.

Judgment affirmed.