Opinion on rehearing issued February 11, 2010

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-01027-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DIANA G. OFFORD, AS GUARDIAN OF THE ESTATE OF WINTER
GORDON, JR. A/K/A WINTER
GORDON, SR., Appellant

 

V.

 

WEST HOUSTON TREES, L.L.P., Appellee

 

 



On Appeal from the 268th District Court

Fort Bend County, Texas

Trial
Court Cause No. 07-DCV-159720

 

 



MEMORANDUM OPINION ON REHEARING

Appellant Diana G. Offord has moved for
correction of the record and amendment of our November 12, 2009 opinion,
pointing out an inconsistency in the clerk’s record, and for rehearing.  We grant the motion for correction and amend
our opinion accordingly.  We also grant
rehearing, withdraw our opinion and judgment of November 12, 2009, and issue
the following in their stead.  We dismiss
as moot Offord’s motion for en banc consideration.  Our disposition of the case remains
unchanged.  

          Offord,
as guardian of the estate of her father Winter Gordon, Jr., appeals the trial
court’s denial of her bill of review attempting to set aside a default judgment
rendered against Gordon.  Offord contends
that the trial court erred in granting West Houston Trees’ no-evidence summary
judgment and that Gordon was not afforded due process in the trial court because
he was not served with process in the underlying lawsuit and was incompetent at
the time his property was sold to satisfy the judgment.  We affirm the judgment of the trial court.

Background

In 2003, Gordon sued his neighbors
for trespass to try title, objecting to their use of a road through his
property to access a larger, undisputedly public, road.  West Houston Trees owns the land adjacent to
both Gordon’s and his neighbors’ land, and also used the road through Gordon’s
property in connection with its business of growing and selling trees.  At the outset of his suit, Gordon sought, and
the trial court granted, a temporary injunction preventing his neighbors and
West Houston Trees from using the road.

After Gordon secured the temporary
injunction, West Houston Trees intervened in Gordon’s lawsuit, brought a
declaratory judgment action, and sued Gordon for trespass to try title.  A constable served Gordon with the petition
in intervention.  West Houston Trees’
counsel sent notice of the July 11, 2006 trial setting to John Wesley Wauson,
Gordon’s former attorney in the case, who had informed the trial court of his
withdrawal from representation on July 29, 2005.  The trial court’s judgment recites that
Gordon “failed to appear at trial despite notice of the proceeding . . . .”  On July 18, 2006, the trial court rendered a
default judgment to West Houston Trees, finding that it was entitled to an
easement “by necessity, implication, and/or estoppel,” and that Gordon’s
obstruction of the use of that easement caused damages of approximately
$77,000.00, to be recovered from Gordon. 


The record does not address when
Gordon received notice of the judgment, but Offord’s live pleading states that
she first learned of the judgment on August 23, 2006.  Gordon did not seek post-judgment relief in
the trial court and did not appeal the judgment.

When Gordon failed to pay the
judgment, West Houston Trees obtained a writ of execution.  After Gordon was served with the writ and
failed to take any action, the constable seized Gordon’s property and sold it
to West Houston Trees at a properly conducted judicial sale on December 5,
2006.  

In October 2007, about seven months
before her formal appointment as Gordon’s guardian, Offord petitioned for a
bill of review on his behalf.  Offord
alleged that Gordon had no knowledge of the judgment in the previous case and that
he was not negligent in his lack of knowledge due to his mental condition.  In addition, she contended that Gordon had a
good defense which he was unable to present in the court below because he
lacked mental capacity at the time of the judgment.  

Approximately eight months after
Offord filed the petition, West Houston Trees moved for summary judgment.  In its motion, West Houston Trees alleged
that Offord failed to present any evidence to raise a fact issue showing fraud,
accident, or official mistake as required for a bill of review and that she had
no evidence to show either that Gordon lacked mental capacity at the time of
the judgment as alleged, or that he did not know or understand the nature of
his acts, the lawsuit, or the consequences of his failure to appear at
trial.  

Meanwhile, in a separate probate
proceeding, Offord was appointed as Gordon’s guardian.  After that appointment, on July 17, 2008,
Offord filed her response to West Houston Trees’ motion for summary judgment in
the trial court.  Offord contended that
the affidavits attached to the motion raised a genuine issue of material fact
about Gordon’s competence.  Offord
attached the affidavits of (1) the constable who served Gordon with the writ of
execution, who said that he was concerned based on their interaction that
Gordon did not know what was going on; (2) a report from a psychiatrist who
examined Gordon in October 2007, who stated that Gordon had Alzheimer’s and was
irrational and incapable of making decisions and had suffered a general decline
in cognition over the previous two years; and (3) another doctor’s opinion that
Gordon was incapacitated and suffered from memory loss when the doctor examined
him in November 2007.  The court granted
a continuance of the case for sixty days to allow Offord’s attorney to conduct
additional discovery and set the motion for oral hearing on September 19, 2008.  

On the hearing date, Offord filed a
second response, which included: (1) the affidavit of Gordon’s former attorney
in the underlying proceeding, who averred that he believed Gordon struggled in
managing his affairs as early as the winter of 2005; and (2) a
neuropsychological evaluation of Gordon dated November 2007, stating that
Gordon suffered from dementia which appeared to be impairing his short-term
memory and decision-making abilities. 
West Houston Trees objected to the response as untimely, and the trial
court sustained the objection.  Following
the hearing, the trial court granted summary judgment denying the bill of
review.

Offord moved for a new trial. During
the hearing on that motion, Offord’s attorney attempted to present new
evidence.  Offord also moved to recuse
the judge.  Both motions were denied, and
Offord appeals the denial of her bill of review.

Discussion

Offord
contends that the trial court erred in denying her bill of review because the
trial court’s default judgment was invalid due to Gordon’s lack of mental
capacity during the original proceeding. 
Offord contends that the trial court erred in granting West Houston
Trees’ no-evidence motion for summary judgment because it did not meet the
requirements of a no-evidence summary judgment motion.  Offord further argues that Gordon did not
receive service of the trial setting in the case, thus satisfying the standard
for overturning a default judgment, and that the evidence showed that Gordon
was incapacitated.

Standard
of Review        

       “A bill of review is an equitable
proceeding brought by a party seeking to set aside a prior judgment that is no
longer subject to challenge by a motion for new trial or appeal.”   Caldwell v. Barnes, 154 S.W.3d 93, 96
(Tex. 2004) (citing Baker v. Goldsmith,
582 S.W.2d 404, 406 (Tex. 1979)).  Bill
of review plaintiffs must ordinarily plead and prove (1) a meritorious defense
to the underlying cause of action, (2) which the plaintiffs were prevented from
making by the fraud, accident, or wrongful act of the opposing party or
official mistake, (3) unmixed with any fault or negligence on their own part.  Baker,
582 S.W.2d at 406–07.  When a
defendant seeks to challenge a default judgment through a bill of review, the
“parties may introduce affidavits, depositions, testimony, and exhibits to
explain what happened.”  Marrot
Commc’ns, Inc., v. Town & Country P’ship, 227 S.W.3d 372, 379 (Tex. App.—Houston [1st Dist.] 2007,
pet. denied) (quoting Fid. & Guar.
Ins. Co. v. Drewery Constr. Co., 166 S.W.3d 571, 573 (Tex. 2006).  The court should set aside the default judgment
and grant a new trial if (1) the failure to answer was not intentional or the
result of conscious indifference, but was due to a mistake or accident, (2) the
defendant presents a meritorious defense, and (3) granting a new trial would
not result in delay or otherwise injure the plaintiff.  See Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex.
1939); see also Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (Tex. 1950) (holding that same factors apply
in bill of review proceeding).  The
defendant satisfies its burden under the first Craddock element by
alleging facts which, if true, negate intentional or consciously indifferent
conduct by the defendant, and the plaintiff does not present any evidence to
controvert those allegations.  Fid.
& Guar. Ins. Co., 186 S.W.3d at 575–76.  In determining whether the defendant’s
factual allegations are controverted, the court examines all of the evidence in
the record.  Dir.,
State Employees Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 269 (Tex. 1994).  

       If the bill of review plaintiff’s proof
establishes a lack of service, constitutional due process eliminates the need
to make any additional showing.  Caldwell v. Barnes, 154
S.W.3d 93, 96, 97 (Tex. 2004).  An
individual who is not served cannot be at fault or negligent in allowing a
default judgment to be taken against him. 
Id. 


When
a trial court grants summary judgment on a bill of review, the summary judgment
standard of review applies.  See Boaz v. Boaz, 221 S.W.3d 126, 131 (Tex.
App.—Houston
[1st Dist.] 2006, no pet.) (reviewing no-evidence
summary judgment on bill of review); Brown
v. Vann, No. 05-06-01424-CV, 2008 WL 484125, at *4 (Tex.
App.—Dallas Feb. 25, 2008, no pet.) (mem. op.) (reviewing summary judgment on bill of review).  To prevail on a summary judgment motion, a
movant has the burden of proving that it is entitled to judgment as a matter of
law and that there is no genuine issue of material fact.  Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  When a defendant moves for summary judgment,
it must either (1) disprove at least one element of the plaintiff's cause of
action or (2) plead and conclusively establish each element of its affirmative
defense.  Cathey,
900 S.W.2d at 341. 
When deciding whether a disputed, material fact issue precludes summary
judgment, we take as true evidence favorable to the non-movant, indulge every
reasonable inference in favor of the nonmovant, and resolve any
doubts in the nonmovant’s favor.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  

After
adequate time for discovery, a party may move for summary judgment on the
ground that no evidence exists to support one or more essential elements of a
claim or defense on which the opposing party has the burden of proof.  Tex.
R. Civ. P. 166a(i).  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence raising a genuine issue of
material fact.  Id.  A genuine issue exists if the evidence “would
allow reasonable and fair-minded people to differ in their conclusions.”  Forbes Inc. v.
Granada Bioscis., Inc., 124
S.W.3d 167, 172 (Tex.
2003).  When, as here, a summary judgment
does not specify the grounds on which it was granted, we affirm the judgment if
any one of the theories advanced in the motion is meritorious.  Joe
v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004).

Sufficiency of West Houston Trees’ Motion for Summary
Judgment

Offord
contends that West Houston Trees failed to meet the requirements for a no-evidence
motion for summary judgment and that the trial court erred in granting the
motion because Offord did not have sufficient time for discovery.  West Houston Trees moved for summary judgment
eight months after Offord filed the bill of review.  The trial court granted a continuance for
Offord to conduct additional discovery and reset West Houston Trees’ motion for
hearing on a date three months after the initial setting, but Offord did not
file her second response to the motion for summary judgment until the hearing
date.

Texas
Rule of Civil Procedure 166a(i) provides:

After adequate
time for discovery, a party without presenting summary judgment evidence may
move for summary judgment on the ground that there is no evidence of one or
more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial.  The
motion must state the elements as to which there is no evidence.  The court must grant the motion unless the
respondent produces summary judgment evidence raising a genuine issue of
material fact.

 

Tex. R. Civ. P. 166a(i).  In its motion, West Houston Trees set forth
the requirements for a bill of review and then asserted that: (1) Offord failed
to allege fraud, accident, or official mistake, or to show that West Houston
Trees had any knowledge of Gordon’s alleged incompetence; (2) Offord failed to
show that Gordon’s meritorious claim or defense was unmixed with any negligence
of his own; (3) Offord failed to prove any meritorious claim or defense by
alleging, with particularity, sworn facts sufficient to support such a claim or
defense; and (4) Offord failed to prove that, at the time of the judgment,
Gordon did not know or understand the nature of his acts, the lawsuit, or the
consequences of his failure to appear at trial. 
West Houston Trees’ motion satisfies Rule 166a(i)
by identifying the elements for which Offord had no evidence.

Service
on Gordon

Offord argues that she moved for both
a traditional bill of review under the Craddock
elements and a “due process” bill of review relying on Caldwell.  See Caldwell, 154
S.W.3d at 96–97.  Offord contends that the default
judgment against Gordon should be overturned because Gordon never received
service of process in the underlying suit. 
Specifically, Offord contends that West Houston Trees has never proved
that Gordon was ever served, and, alternatively, that even if service occurred,
it was ineffective and invalid because Gordon was mentally incompetent at the
time.

Because non-service conclusively
negates a plaintiff’s fault or negligence, a material fact dispute concerning
whether the party was served is properly resolved at trial.  Id. at 97.  When a
party seeks a bill of review based solely on a claim of non-service, the trial
court should (1) dispense any inquiry into a meritorious defense, and (2) hold
a trial at which the bill of review plaintiff assumes the burden of proving
that the plaintiff was not served with process. 
Id. at 97–98.

Here, Offord contends that Gordon was
never served, but the judgment recites that Gordon was served and received
notice of the trial setting.  Moreover,
the clerk’s record shows that a constable served Gordon with West Houston
Trees’ petition in intervention on June 8, 2006, and the trial court received
the returned process signed by Gordon on June 22, 2006.  West Houston Trees also offered a copy of the
notice of trial setting that the trial court sent to West Houston Trees, which
states that Gordon was also being notified of the trial setting.  Gordon neither appeared at trial nor moved
for a continuance of the trial date.  The
evidence before the trial court constitutes prima facie proof that Gordon was
served with West Houston Trees’ petition in intervention.  Offord did not produce any evidence in her
response to the motion for summary judgment to controvert this proof of
service.  

Notice
of the trial setting

Offord’s argument that Gordon was not
served with notice of the trial setting is also unavailing.  We presume a trial court will hear a case
only after the parties have received proper notice.  Jones v. Texas Dep’t of Pub. Safety, 803 S.W.2d
760, 761 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Texas
Rule of Civil Procedure 21a provides that notice may be served by delivering a
copy to the party either in person, by agent, or by certified or registered
mail, at the party’s last known address. Tex.
R. Civ. P. 21a; Osborn v. Osborn, 961 S.W.2d 408, 411
(Tex. App.—Houston [1st Dist.] 1997, pet. denied).  When a party does not receive notice of a
trial setting, it is deprived of due process. 
In re $475,001.16, 96 S.W.3d
625, 627 (Tex. App.—Houston [1st Dist.] 2002, no pet.); see LBL Oil Co. v. Int’l Power Serv., Inc., 777 S.W.2d 390, 390–91
(Tex. 1989).  Due process requires that
the method of service be reasonably calculated, under the circumstances, to inform
the parties of the proceeding and to provide them an opportunity to present
objections.  See Peralta v. Heights Med. Ctr., Inc., 485
U.S. 80, 84–85 (1988).

The judgment recites that Gordon
received notice of the trial setting. 
Offord asserts that Gordon did not receive timely notice, but did not
submit any evidence to support that assertion. 
In connection with the summary judgment proceeding, Offord procured an
affidavit from Gordon’s former attorney, but that affidavit neither confirms nor
denies receipt of the notice of trial setting, nor does it deny having notified
Gordon of the setting.  Further, although
Gordon’s son, Winter Gordon Jr., filed the underlying suit as next friend of
his father, the bill of review record contains no sworn statement from him
concerning whether he received notice of the trial setting.  Because Offord did not present evidence
raising a fact issue that Gordon failed to receive notice, she is not entitled
to trial on the issue of notice.[1]  See Caldwell, 154 S.W.3d at 95 (holding when
bill of review plaintiff offered affidavit that he was not served, affidavit of
bill of review defendant averring that he did not serve plaintiff, affidavit of
defendant’s girlfriend averring that defendant could not have served plaintiff
on date he claimed to have served plaintiff because he was with her out of town
on that day, affidavits of four other litigants whom defendant claimed to have
served who also denied service).  Offord thus
fails to raise a fact issue on her “due process” bill of review, and must satisfy the Craddock elements to prevail on her bill of review.

Notice
of the judgment

Offord neither alleges nor shows that
Gordon did not receive timely notice of the judgment and thus was unable to seek
postjudgment relief in the underlying proceeding.  Absent this showing, Offord has not borne her
burden to show entitlement to a bill of review. 
See Gold v. Gold, 145 S.W.3d
212, 214 (Tex. 2004) (observing that bill of review generally is not available
to party to whom motion to reinstate, motion for new trial, or direct appeal was
available); Cloud v. Thornton, 627
S.W.2d 432, 434 (Tex. App.—Houston [1st Dist.] 1981, writ dism’d) (“[O]ne with
an available appeal who fails to pursue that remedy is not entitled to seek
relief by way of a bill of review.”) (citing Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex.
1980)).

Gordon’s
Incapacity

Offord alternatively contends that
service was ineffective because Gordon lacked capacity at the time of service,
and, consequently, the default was not intentional or caused by conscious
indifference.  To support this
contention, Offord presented (1) a July 17, 2008 affidavit executed by the constable who served the
writ of execution on Gordon on November 20, 2006, (2) a report from a
psychiatrist who examined Gordon in October 2007, and (3) a June 23, 2008 court
order finding Gordon incapacitated and appointing Offord as permanent guardian
of his estate.  

In his affidavit, the constable
averred that he was concerned that Gordon was “not mentally aware of what was
going on” because, when the constable asked whether he had an attorney, Gordon
stated that his attorney was Jesus Christ. 
The psychiatrist’s report states that Gordon had Alzheimer’s and was
irrational and incapable of making decisions and that he had suffered a general
decline in cognition over the previous two years.  

On the day of the summary judgment
hearing, Offord also tendered the affidavit of Gordon’s original attorney in
the underlying proceeding and a neuropsychological report based on an
examination of Gordon conducted in November 2007.  The trial court sustained West Houston Trees’
objection to this response as untimely.[2]  

A response to a motion for summary
judgment, including opposing summary judgment evidence, may be filed no later
than the seventh day before the date of the hearing “[e]xcept on leave of
court.”  Tex. R. Civ. P.
166a(c).  

The law
presumes a party to be mentally competent and places the burden of proving
incompetence on the party alleging it.  Hall v. Hall, 352 S.W.2d
765, 767 (Tex.
Civ. App.—Houston 1962, no writ). 
The fact that a party raises the issue of incompetence does not, on its
own, obligate a summary judgment movant to prove mental competence or disprove
the possibility of incompetence.  Estate of Galland v. Rosenberg, 630 S.W.2d
294, 298 (Tex. App.—Houston [14th Dist.] 1981,
writ ref’d n.r.e.).  If, however,
a party raises the issue of mental competence in the answer or response, and
provides some evidence in its support, the presumption disappears and a
material issue of fact arises, requiring the movant to conclusively disprove
it.  Id.  Circumstantial evidence of mental capacity
may consist of: (1) conduct suggesting incapacity; (2) pre-existing external
circumstances tending to produce the incapacity; and (3) the prior or
subsequent existence of the condition, which can support an inference that the
condition existed at the relevant time.  Miguez v. Miguez, 221
S.W.2d 293, 295 (Tex.
Civ. App.—Beaumont 1949, no writ).  Evidence must relate to the condition as it
existed at the particular time at issue, but evidence of the state of the
person’s mind at other, and especially prior, times may be relevant.  Hall,
352 S.W.2d at 767.  
The more remote in time, the weaker the evidence may be.  Galland,
630 S.W.2d at 298. 


Offord’s
evidence fails to raise a material fact issue. 
The judgment in favor of West Houston Trees came out of an action
initiated by Gordon in which West Houston Trees intervened, and the record
shows that Gordon prosecuted the action without the assistance of a next friend
or guardian.  Offord did not provide any
evidence of psychiatric treatment or medical opinion testimony predating the
service date to show that Gordon was incompetent at the time of service of the
underlying trial setting.  A subsequent
adjudication that a person is of unsound mind does not establish incapacity at
an earlier time.  Cf.
Carr v. Radkey, 393 S.W.2d 806, 815 (Tex.
1965) (holding that subsequent adjudication of incapacity is inadmissible in
will contest).  The order finding Gordon
incapacitated is dated more than two years after the trial court signed the
default judgment.  Thus, the guardianship
order is no more than a scintilla of evidence that Gordon lacked capacity at
the time he was served.  The November
2007 medical opinion testimony, rendered sixteen months after the trial court
entered judgment in the underlying case, is too far removed from the time of
service to defeat the presumption of competence without evidence that Gordon was
incompetent at that earlier time.  Compare Galland, 630 S.W.2d at 297­–98
(holding that appellant’s evidence did not raise fact issue because it did not
identify any specific instances of conduct and did not contain prior history of
medical treatment or medical opinion testimony; evidence of irrational behavior
eight months prior to decedent’s death was too far removed from time of death
to defeat presumption) with Hall, 352
S.W.2d at 767–68 (holding as sufficient evidence of incapacity testimony from
treating physician that he had seen incapacitated woman for two years before
date she signed check in question, that she continued through advanced stages
of senility before that date, and that she was incapable of conducting her own
business, and testimony from son and daughter-in-law that incapacitated woman
began declining and had trouble recognizing daughter-in-law beginning two years
prior to date check was signed).  

A lay
witness may qualify to testify as to a person’s competence if that witness has
had sufficient opportunity through personal contacts, conversations,
associations with, and observation of the person in question that, based on his
own first-hand knowledge, he may reasonably form an intelligent opinion as to
such person’s sanity.  Miguez, 221 S.W.2d at
296.  The constable, who did not
testify in his affidavit to any prior acquaintance with Gordon, addressed
Gordon’s mental state at the time Gordon was served with the writ of execution
in November 2006, not when he was served with West Houston Trees’ petition in
intervention on June 8, 2006.  The record
contains no evidence of Gordon’s mental state before or near the time of the
July trial setting.  Offord thus fails to
produce any evidence that Gordon was mentally incapacitated at the time he was
served with the suit.  

Conclusion

We conclude that Offord failed to
raise a fact issue to show that she is entitled to a bill of review.  We therefore affirm the judgment of the trial
court.  All pending motions are dismissed
as moot.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale. 

 











[1] In her motion for rehearing, Offord contends that this
result is contrary to prior decisions of this Court.  We disagree. 
The prior decisions cited by Offord are consistent with the result here,
in that each appellant was entitled to relief only on an affirmative showing
that the appellant did not receive actual or constructive notice.  See
Osborn v. Osborn, 961 S.W.2d 408, 411-12 (Tex. App.—Houston [1st Dist.]
1997, pet denied) (defendant not entitled to have post-answer default divorce
judgment set aside after he admitted that he did not pick up certified mail,
avoided answering whether he received notice by saying if he got it, he did not
know where it was, and his attorney never asked him if he had actual or
constructive knowledge about date for trial); Butler v. Butler, 808 S.W.2d 128, 129 (Tex. App.—Houston [1st
Dist.] 1991, writ denied) (holding that appellant was not entitled to relief
from post-answer default judgment of divorce where record was silent on whether
notice of trial setting was given and thus did not show that appellant did not
receive notice); Wilson v. Indus. Leas.
Corp, 689 S.W.2d 496, 497 (Tex. App.—Houston [1st Dist.] 1985, no writ)
(reversing post-answer default judgment where judgment recited that appellant
received due notice, but letter to appellant’s last known addresses were
returned as undeliverable with no forwarding address and subsequent efforts to
locate appellant were unsuccessful).  





[2] The trial court had the discretionary authority to
sustain West Houston Trees’ objection to the evidence, and the record does not
reveal any effort to obtain leave to file the untimely evidence.  Offord contends that she was unable to timely
file her second response to summary judgment due to Hurricane Ike.  Hurricane Ike hit the Texas coast late on
Saturday, September 13, 2008—six days before the September 19 hearing
date.   Offord did not, however, make
this contention to the trial court and raises it for the first time in her
reply brief; thus, it is not preserved for review.  See
Emergency Order on Enlargement of Time,
[Tex. S. Ct. Misc. Docket No. 08-8140 (Sept. 17, 2008)] (describing procedure
to follow in Texas courts for requesting enlargement of time periods based on
Hurricane Ike).