**TERMINAL–HUDSON REALTY CORP. et al.,**

**and**

**King Optical Corporation, Appellants,**

**v.**

**WEINGARTEN REALTY, INC., Appellee.**

**No. 17670.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 19, 1980.

Rehearing Denied Aug. 7, 1980.

E. B. Comstock, Dallas, for appellants.

Dow, Cogburn & Friedman, Mitchell Ehrlich, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

WALLACE, Justice.

This is a suit for accrued rent under five separate lease contracts. Summary judgment was granted the plaintiff. By three points of error appellants contend that fact issues were presented to the trial court and the summary judgment was thus improper.

Appellants are lessees and appellee is lessor under five separate lease contracts. Each of the leases provides that upon default in payment of rent lessor can given lessee written notice of such default and if it is not cured in 10 days lessor may elect to terminate lessees' right to possession without terminating the lease. The lessees became delinquent in rents starting November 1, 1977, and, on February 2, 1978, lessor gave written notice as required by the lease and demanded that the rents be brought current. Upon lessees' failure to pay the delinquent rent, lessor gave lessees written notice that the lessees' rights of possession were terminated.

Appellee's original petition was on a sworn account. Appellant filed a sworn answer. Appellee amended its original petition twice, the second amended petition was filed on October 7, 1979, the same date appellee's motion for summary judgment was filed. The motion for summary judgment had attached thereto duly verified affidavits stating facts sufficient to show 1) the execution and delivery of the five leases; 2) the execution and acceptance of the leases by appellants; 3) notice to appellant of rent being in default; 4) failure of appellant to cure the rental default; 5) written notice to appellant of appellee's exercise of its right to terminate possession; 6) filing of the suit; and, 7) damages incurred by appellee.

Appellants filed a sworn answer to appellee's original petition and also a sworn answer to appellee's second amended original petition; however, appellants filed no response to the motion for summary judgment. The motion for summary judgment was heard on November 12, 1979, twenty six days after it was filed.

■ Appellants, by their first two points of error, contend that there were fact issues raised by the sworn answer to appellee's original petition and second amended original petition. Pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). "Issues not expressly presented to the trial court by written motion, answer or other response, shall not be considered on appeal as grounds for reversal." Rule 166–A(c), T.R.C.P. "the term 'answer' in the context of the Rule refers to an answer to the motion, not an answer generally filed in response to a petition." *City of Houston v. Clear Creek Basin Authority*, supra; *Feller v. Southwestern Bell Telephone Co.*, 581 S.W.2d 775 (Tex.Civ. App.–Houston [14th Dist.] 1979, no writ).

■ Since appellant presented no issues in response to appellee's motion for summary judgment, the trial court properly granted the motion only if the summary judgment evidence showed that appellee was entitled to prevail on each element of his cause of action. *Tigner v. First National Bank of Angleton*, 264 S.W.2d 85 (Tex. 1954). As set out in the above recitation of facts, the affidavits attached to appellee's motion, along with request for admissions of fact and answers thereto on file with the court, presented evidence of: 1) the lease contracts between the parties; 2) default by appellants; 3) notice of default to appellants as required by the contracts; 4) failure to cure the default; 5) termination of the right of possession of appellants; and, 6) damages suffered by appellee. Appellants' first two points of error are overruled.

By their third point of error appellants contend that the court erred in permitting appellee to file its second amended petition and its motion for summary judgment on the same day. As above stated, the motion for summary judgment was heard 26 days after it was filed. This was in excess of the minimum time required by Rule 166–A. Appellants made no objection to hearing the motion for summary judgment on that date; in fact, they appeared and announced ready for trial. Appellants contend that they should be permitted to treat appellee's second amended original petition as a new law suit and should be given the statutory time for filing an answer to the same before the motion for summary judgment could be filed. Appellants cite no authority for this proposition and same is contrary to the clear language of the Rule 166–A.

Appellants contend and appellee agrees that there was insufficient summary judgment evidence to support the award of $311.39 for damages to the premises. We thus order a remittitur in that amount.

The judgment of the trial court is modified to show a remittitur of $311.39 and the judgment as modified is affirmed.