

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00465-CV

Muhammad R. **KHAN**,
Appellant

v.

**FIRSTMARK CREDIT UNION**,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 12-03-0077-CVW
Honorable Stella Saxon, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  May 22, 2013

AFFIRMED

This is an appeal from a summary judgment granted against Muhammad R. Khan, a *pro se* litigant.  Firstmark Credit Union foreclosed on Khan's property, and Khan sued Firstmark for damages based on an alleged wrongful foreclosure.  Khan contends that at the time of the foreclosure he was current in his payments and, therefore, was not in default.  The trial court granted Firstmark's motion for summary judgment.  Khan, who failed to file a response to Firstmark's motion for summary judgment, asserts on appeal that the trial court erred by granting

Firstmark's summary judgment motion without considering all the facts and evidence contained in his original petition. We affirm the trial court's judgment.

## BACKGROUND

In August 2003, Khan borrowed $39,200.00 from Firstmark Credit Union to purchase about 22.51 acres of real property in Wilson County. Khan executed a real estate lien note payable to Firstmark, which included a vendor's lien. The note included a provision that allowed Firstmark to accelerate the payment due if it notified Khan he was in default and the default was not timely cured. Khan also executed a deed of trust that designated Firstmark as the beneficiary. The deed of trust required Khan to make all note and tax-escrow fund payments on time. If he failed to do so, after notification of the default and failure to cure the default, the deed of trust authorized (1) Firstmark to accelerate the note and (2) the Trustee to foreclose the lien and sell the property in accordance with the Texas Property Code.

On April 17, 2009, Khan received Firstmark's notice to him that he was in default on the note because he failed to timely make his note payments. Firstmark demanded Khan pay the past due amount of $4,332.73, which included past due principal, late fees, and tax escrow fund arrearages. Firstmark also notified Khan that the note would be accelerated if his payment was not received by May 18, 2009.

On June 23, 2009, Khan received Firstmark's notice advising him that his note had been accelerated and demanding payment of $28,948.11 plus attorney's fees. Firstmark also notified Khan that its trustee was proceeding with a foreclosure sale. On August 4, 2009, the property was sold to Firstmark at a foreclosure sale at the Wilson County Courthouse. In March 2012, Khan sued Firstmark for "foreclos[ing] the property without any valid reason." Khan's original petition was verified and contained several exhibits. In it, Khan alleged that the "payments on

the land loan were made on time without any default." Khan attached proof that some payments on the loan were made.

In its traditional motion for summary judgment, Firstmark contended that the summary judgment evidence conclusively proved the foreclosure was proper in all respects and that it was entitled to judgment as a matter of law. Khan did not file a response to Firstmark's motion. The trial court granted Firstmark's traditional motion for summary judgment, and Khan appealed. We construe Khan's appellate points[1] as complaining that the trial court improperly granted Firstmark's summary judgment motion because the evidence in his petition shows Firstmark conducted a wrongful foreclosure.

### STANDARD OF REVIEW

We review the grant of a traditional summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort*, 289 S.W.3d at 848; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We "indulg[e] every reasonable inference in favor of the nonmovant and resolv[e] any doubts against the [movant]." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam); *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A defendant moving for traditional summary judgment may prevail if he conclusively disproves at least one essential element of

---

[1] In his three-page *pro se* brief, Khan asserted the facts raise three questions, but he did not cite any authorities to clarify the legal issue or issues raised by his questions.

each of the plaintiff's claims.  *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 476–77 (Tex. 1995).

If the movant meets this burden, the burden of proof shifts to the nonmovant.  *See City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  To oppose the motion on grounds other than the legal sufficiency of the movant's summary judgment evidence, the nonmovant must file and serve its response and opposing affidavits no later than seven days before the hearing.  *See* TEX. R. CIV. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678.  However, a response is not always required.  *Clear Creek Basin Auth.*, 589 S.W.2d at 678.  If the movant defendant does not conclusively meet its burden, the nonmovant does not need to file a response.  *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).  Under these circumstances, the trial court may not grant the motion simply because of the nonmovant's default.  *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Clear Creek Basin Auth.*, 589 S.W.2d at 678.  Instead, the trial court must determine whether the movant's summary judgment evidence is legally sufficient to support the grounds presented by the movant.  *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).

## WRONGFUL FORECLOSURE

In his brief, Khan asserts the facts raise three questions: (1) whether Firstmark had "any valid reason to foreclose," (2) whether Firstmark "[chose] to resolve this matter amicably," and (3) whether the trial court "consider[ed] all the facts and evidences" in his original petition.  We evaluate Khan's questions in the context of the judgment on appeal: the trial court's grant of Firstmark's motion for summary judgment.  Therefore, we first consider whether the trial court erred in granting Firstmark's motion for summary judgment on the ground that there was no

genuine issue of any material fact pertaining to the legality of the foreclosure sale and Firstmark was entitled to judgment as a matter of law.

## A. Applicable Law

An essential element of a wrongful foreclosure claim is "a defect in the foreclosure sale proceedings." *See Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank—Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). A defect in the foreclosure proceedings may occur when there is no default. *See Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942) (deciding that a foreclosure sale was void because, *inter alia*, the note was not in default at the time of the sale); *Lavigne v. Holder*, 186 S.W.3d 625, 627–28 (Tex. App.—Fort Worth 2006, no pet.) (reversing a summary judgment in favor of the creditor because, in the absence of default, the creditor could not accelerate the debt or foreclose against the property). It may also occur when the statutory foreclosure procedures are not followed. *See Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983).

"Section 51.002 [of the Texas Property Code] establishes the procedures for conducting a foreclosure sale." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 569 (Tex. 2001); *see generally* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2012). Under section 51.002, if a lender contends that a debtor is "in default under a deed of trust or other contract lien on real property used as the debtor's residence," the mortgage servicer must give the debtor "written notice by certified mail stating that the debtor is in default . . . and giv[e] the debtor at least 20 days to cure the default before notice of sale can be given." TEX. PROP. CODE ANN. § 51.002(d); *see Powell v. Stacy*, 117 S.W.3d 70, 73 (Tex. App.—Fort Worth 2003, no pet.). For real property that is located wholly within a single county, if it is to be sold under a power of sale created by a deed of trust or contract lien, the sale must be by public auction "held between 10

a.m. and 4 p.m. on the first Tuesday of a month . . . [in the designated area] at the county courthouse in the county in which the land is located." TEX. PROP. CODE ANN. § 51.002(a); *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 31 (Tex. App.—Dallas 1992, no writ). At least twenty-one days in advance of the sale, the public must be notified by posting a written notice on the county courthouse door, with a copy of the written notice filed in the office of the county clerk, and each debtor must be served with written notice by certified mail. TEX. PROP. CODE ANN. § 51.002(b); *see Thompson*, 840 S.W.2d at 31. "The sale must begin at the time stated in the notice of sale or not later than three hours after that time." TEX. PROP. CODE ANN. § 51.002(c); *see Sanders v. Shelton*, 970 S.W.2d 721, 724 (Tex. App.—Austin 1998, pet. denied).

## B. Analysis

### 1. *Firstmark's Summary Judgment Evidence*

In its motion for summary judgment, Firstmark asserted the loan was in default and that it fully complied with all the terms of the applicable documents and all applicable laws regarding the foreclosure sale. It provided sworn affidavits from Edward Muñoz, Firstmark's vice president for loan servicing, and Robert P. Sims, a Texas attorney with experience in real property foreclosure sales. Muñoz's affidavit averred that after Khan was in default, he was given notice of the default and an opportunity to cure. Muñoz's affidavit included exhibits containing documents pertaining to Khan's loan records, default and cure notices, and the foreclosure sale. Sims's affidavit cited the exhibits in Muñoz's affidavit, and averred that Firstmark complied with all the terms of the applicable documents as well as all of the foreclosure sale provisions required by Texas law.

*2.  Did Firstmark Conclusively Disprove an Element of Khan's Cause of Action?*

We now review Firstmark's summary judgment evidence to determine if it conclusively disproved Khan's implied contention that there was a defect in the foreclosure sale proceedings. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678.

Firstmark's summary judgment evidence included Muñoz's sworn affidavit, which included a copy of the Real Estate Lien Note and Deed of Trust, both signed by Khan. The affidavit also included a Warranty Deed with Vendor's Lien showing Khan as grantee. The note and deed of trust show that Firstmark had a power of sale against Khan's property. Firstmark's affidavit from Muñoz averred that Khan was in default for failure to make timely note payments and for failure to make timely escrow fund payments.

The exhibits to Muñoz's affidavit further show Firstmark gave Khan notice that he was in default, advised him that he could cure his default, and gave him at least twenty days to do so before it gave him notice of the foreclosure sale. *See* TEX. PROP. CODE ANN. § 51.002(d); *Powell*, 117 S.W.3d at 73; *see also Teachout v. Kitchen*, No. 14-03-00215-CV, 2004 WL 794383, at *2 (Tex. App.—Houston [14th Dist.] Apr. 15, 2004, no pet.) (mem. op.). The warranty deed shows that his property was wholly located in Wilson County, and the exhibits show that, more than twenty-one days before the sale, a copy of the public written notice of the auction was filed with the Wilson County clerk, and Khan received notice of the foreclosure sale by certified mail. *See* TEX. PROP. CODE ANN. § 51.002(b); *Thompson*, 840 S.W.2d at 31; *see also Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied). The Substitute Trustee's Deed shows that the public auction sale was held on August 4, 2009, the first Tuesday of August, on the porch and steps of the Wilson County courthouse as stated in the written notices. *See* TEX. PROP. CODE ANN. § 51.002(a); *Thompson*, 840 S.W.2d at 31. The deed shows the sale was transacted at 11:36 a.m.—which was within

three hours of the time stated in the notice of sale. *See* TEX. PROP. CODE ANN. § 51.002(c); *Sanders*, 970 S.W.2d at 725–26.

Having reviewed Firstmark's summary judgment evidence in the light most favorable to Khan, we nevertheless determine that the evidence conclusively proves as a matter of law that Khan was in default and that Firstmark complied with the foreclosure sale requirements. *See* TEX. PROP. CODE ANN. § 51.002; *Holy Cross Church of God in Christ*, 44 S.W.3d at 569. The burden then shifted to Kahn to controvert Firstmark's evidence. *See M.D. Anderson Hosp. & Tumor Inst.*, 28 S.W.3d at 23.

*3. Did Khan Controvert Firstmark's Summary Judgment Evidence?*

On appeal, Khan argues that the trial court should have considered all the facts and the evidence attached to his original petition as his summary judgment evidence. However, Khan did not file a response to Firstmark's motion for summary judgment.

Rule 166a of the Texas Rules of Civil Procedure, which governs summary judgments, authorizes the trial court to grant summary judgment if

> *the pleadings* . . . [and summary judgment evidence] . . . *on file at the time of the hearing*, or filed thereafter and before judgment with permission of the court, show that . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. *Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.*

TEX. R. CIV. P. 166a(c) (emphasis added); *see Huddleston v. Tex. Commerce Bank—Dall., N.A.*, 756 S.W.2d 343, 346–47 (Tex. App.—Dallas 1988, writ denied). Rule 166a requires a movant to express its summary judgment contentions in a written motion for summary judgment. *Hammond v. Katy Indep. Sch. Dist.*, 821 S.W.2d 174, 176 (Tex. App.—Houston [14th Dist.] 1991, no writ). A response, likewise in writing, must fairly appraise the movant and the trial

court of the issues the nonmovant contends defeat the motion. *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

Khan's verified petition does not meet Rule 166a's requirements of a written response to a motion for summary judgment. *See* TEX. R. CIV. P. 166a(c); *Baker v. John Peter Smith Hosp., Inc.*, 803 S.W.2d 454, 457 (Tex. App.—Fort Worth 1991, writ denied); *Terminal-Hudson Realty Corp. v. Weingarten Realty, Inc.*, 605 S.W.2d 626, 627 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Likewise, the documents attached to the petition are not competent summary judgment evidence because they are not part of a summary judgment response and they are not authenticated or verified. *See* TEX. R. CIV. P. 166a(c), (f); *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Khan simply did not meet his burden under Rule 166a. Therefore, the trial court was correct in not considering Khan's original petition and its attachments as his response and evidence controverting Firstmark's motion for summary judgment.

### 4. Summary Judgment Was Proper

Firstmark's evidence conclusively proves that Khan's loan was in default and that there was no defect in the foreclosure sale proceedings. *See* TEX. PROP. CODE ANN. § 51.002; *Sauceda*, 268 S.W.3d at 139. As a matter of law, Firstmark met its burden to disprove an essential element of Khan's wrongful foreclosure claim. *See Elliott-Williams Co.*, 9 S.W.3d at 803. The burden then shifted to Khan to present evidence controverting Firstmark's contentions. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. However, Khan did not meet this burden because he failed to file a response to Firstmark's motion. *See* TEX. R. CIV. P. 166a(c). There

being no controverting evidence, the trial court properly granted Firstmark's motion for summary judgment. Therefore, we overrule Khan's appellate issues.[2]

## CONCLUSION

As required, we have reviewed the competent summary judgment evidence in the light most favorable to Khan. *See Mann Frankfort*, 289 S.W.3d at 848; *City of Keller*, 168 S.W.3d at 827. We conclude that the summary judgment evidence conclusively proves that there were no defects in the foreclosure sale proceedings and that Firstmark was entitled to judgment as a matter of law; the trial court did not err in granting Firstmark's motion. Therefore, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

---

[2] In his brief, Khan contended Firstmark "chose not to solve this problem amicably." He provides no argument or authority to show that Firstmark had any duty to do so. To the extent that Khan's statement identifies an appellate issue, the issue is waived. *See* TEX. R. APP. P. 38.1(i); *In re Blankenship*, 392 S.W.3d 249, 259 (Tex. App.—San Antonio 2012, no pet.).